In re Richard Gene LINDSAY, Debtor.

**DEARBORN CHEMICAL COMPANY, INC., Plaintiff,**

v.

**Richard Gene LINDSAY, Defendant.**

**Bankruptcy No. BK–84–00380–B.
Adv. No. 84–0148.**

United States Bankruptcy Court,
W.D. Oklahoma.

Dec. 3, 1985.

Jim T. Priest of McKinney, Stringer & Webster, Oklahoma City, Okl., for Dearborn Chemical Co., Inc.

Charles W. Stubbs, Oklahoma City, Okl., for Richard Gene Lindsay.

## MEMORANDUM OPINION AND ORDER

ROBERT L. BERRY, Bankruptcy Judge.

Dearborn Chemical Company, Inc. ("Dearborn"), a creditor, has filed the instant adversary complaint seeking to deny the discharge of the debt owed it by the defendant debtor, Richard Gene Lindsay ("Lindsay"), alleging that the debt arose as a result of willful and malicious conduct by Lindsay which caused injury to Dearborn. As such, Dearborn urges the debt be held nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

The instant adversary arose out of a lawsuit filed in the district court by Dearborn against Lindsay styled *Dearborn Chemical Company, Inc. v. Richard G. Lindsay*, CIV–83–893–W. The gravamen of this complaint was a cause of action alleging breach of contract. Upon trial before a jury, judgment was returned in favor of Dearborn in the amount of $13,-000.00 plus interest and costs. It is this sum which Lindsay seeks to have discharged in bankruptcy.

Subsequent to the filing of this adversary proceeding Dearborn, pursuant to Fed.R.Civ.P. 56, made applicable in bankruptcy by Fed.R.Bankr.P. 7056, moved for summary judgment. Lindsay objected to the motion and cross-motioned for summary judgment in his favor. After a review of the pleadings this Court denied the motions for summary judgment, noting that whether the breach of the contract resulted in a willful and malicious injury to Dearborn would need to be determined by this Court after full evidentiary hearing.

The parties have now stipulated that this matter shall be submitted to the Court without evidentiary hearing. The parties agree that the Court will decide the matter based on a review of the record as previously submitted to this Court together with the following additional documents: 1) the complaint in *Dearborn Chemical Company, Inc. v. Richard G. Lindsay*, CIV–83–893–W; 2) certain sales employees' agreements, labelled as plaintiff's exhibits Nos. 1, 2 and 3; instructions to the jury as submitted in *Dearborn Chemical Co., Inc. v. Richard G. Lindsay*, CIV–83–893–W and; the transcript of the trial of *Dearborn Chemical Company, Inc. v. Richard G. Lindsay*, CIV–83–893–W, together with the Judgment and Order filed in that case.

This matter presents two separate issues, issues which are necessarily intertwined. The first area the Court needs address is whether the actions taken by Lindsay constituted a willful and malicious injury to Dearborn within the meaning of 11 U.S.C. § 523(a)(6), limited as we are to a review of the proceedings of the district court action. Secondly, if indeed Lindsay's actions satisfy the requirements of § 523(a)(6), the Court needs determine what, if any, preclusive effect we should give the district court judgment. Stated another way, should the Court consider evidence extrinsic to the judgment and record of the district court?

Section 523(a)(6) provides in pertinent part:

A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt ...

. . . .

for malicious and willful injury by the debtor to another entity or to the property of another entity.

In *Tinker v. Colwell,* 193 U.S. 473, 487, 24 S.Ct. 505, 509, 48 L.Ed. 754 (1904) the Supreme Court, interpreting § 17(a)(2) of the Bankruptcy Act of 1898, 11 U.S.C. § 35(a)(2), the predecessor to § 523(a)(6) of the Code, determined that "a specific intention to hurt a particular person" was not an essential element of the term "malicious". The Court reasoned:

> [W]e think a willful disregard of what one knows to be his duty, an act which is against good morals, and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done willfully and maliciously, so as to come within the exception.

193 U.S. at 487, 24 S.Ct. at 509. The *Tinker* Court defined "malice" for purposes of the Bankruptcy Act as a wrongful act done intentionally and without just cause. 193 U.S. at 486, 24 S.Ct. at 508.

■ The legislative history of the Bankruptcy Code demonstrates that Congress clearly intended to provide a standard of intentional and deliberate conduct, not merely reckless conduct, in promulgating § 523(a)(6):

> Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph "willful" means deliberate or intentional. To the extent that *Tinker v. Colwell,* 193 U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (1902) [ (1904) ], held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a "reckless disregard" standard, they are overruled.

S.Rep. No. 989, 95th Cong., 2d Sess. 79 (1979); H.R.Rep. No. 595, 95th Cong., 1st Sess. (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5865, 6320–21. Personal hatred, spite or ill will are not required in order to find a willful and malicious injury. *In re Lewis,* 31 B.R. 83 (Bankr.W.D.Okla.1983).

While § 523(a)(6) does not specifically reference an element of "just cause", those courts interpreting *Tinker* have made "without just cause" part of the definition of "willful and malicious". "We have defined 'willful and malicious' under section 523(a)(6) to mean 'without just cause or excuse.' Willful means intentional and malicious adds the absence of just cause or excuse." *Seven Elves, Inc. v. Eskenazi,* 704 F.2d 241, 245 (5th Cir.1983). "In the final analysis, a court must examine the facts of each case in order to determine if the debtor's actions were without just cause or excuse." *In re Sindic,* 44 B.R. 167, 171 (Bankr.E.D.Wis.1984).

■ In determining the dischargeability of a debt, this Court is not limited solely to reviewing the district court judgment and record. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). This is so since res judicata does not apply so as to bar the offering of additional evidence to meet a new defense of bankruptcy asserted by a debtor. *See also Rahm v. Rahm,* 641 F.2d 755, 757 (9th Cir.1981) ("At most, a prior judgment establishes a *prima facie* case of nondischargeability which the bankrupt is entitled to refute on the basis of all relevant evidence"). Nonetheless, "[i]f, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17 [of the Bankruptcy Act of 1898, 11 U.S.C. § 35, predecessor to § 523], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court." *Brown v. Felsen,* 442 U.S. n. 10 at 139, 99 S.Ct. at 2213. While the terms "res judicata" and "collateral estoppel" are used interchangeably, or are either collectively referred to as "issue preclusion",

> [u]nder the doctrine of res judicata, a judgment on the merits in a prior suit

bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, ... the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, n. 5 at 326, 99 S.Ct. 645, n. 5 at 649, 58 L.Ed.2d 552 (1979).

The requirement that issues before the bankruptcy court need be identical to those faced by the court in which judgment and record occurred, before the doctrine of collateral estoppel may be applied should be obvious. Absent an ability to foretell the future, a potential creditor would have little incentive to litigate the bankruptcy requirements for nondischargeability of a debt. This is especially true since the state law concept frequently differs from that adopted in the federal statute. *See, e.g., Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934) (misappropriation of funds held pursuant to a "trust receipt" not a breach of an express trust sufficient to constitute an act done "as an officer or in a fiduciary capacity" within the meaning of § 17a(4) of the Bankruptcy Act of 1898, 11 U.S.C. § 35(a)(4)).

While this Court is not limited to a review of the district court judgment and record in the determination of nondischargeability of a debt, the parties have stipulated to the rendering of a decision based on such a review. Accordingly, the next issue is what preclusive effect shall be attributed to the district court judgment.

Applying preclusion serves several purposes. It encourages reliance upon judicial decisions by preventing inconsistent decisions; it conserves the resources of the courts and the litigants; and in the proper context it can strengthen the federal system by promoting comity between state and federal courts. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Most importantly perhaps is that preclusion insures judicial finality.

In conflict with the doctrine of preclusion is the grant of jurisdiction given to the bankruptcy courts with respect to determining questions of dischargeability. 28 U.S.C. §§ 157; 1334. This relates back to the *Brown v. Felsen* concern of "countervailing statutory policy". Questions of dischargeability constitute a "core proceeding" within the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, July 10, 1984. *See* 28 U.S.C. § 157(b)(2)(I). In resolution of the conflict, a balance has been struck. Bankruptcy courts are no longer obligated to rely solely on the judgment and record of a prior proceeding. Rather they may look behind the judgment and record in the determination of dischargeability. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). However, should certain criteria be met, the doctrine of collateral estoppel would be applicable. *Matter of Ross*, 602 F.2d 604 (3rd Cir.1979).

■ In order for collateral estoppel to bar the relitigation of the dischargeability issue the bankruptcy court would have to find that:

(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment.

*Matter of Ross*, 602 F.2d at 608 (quoting *Haize v. Hanover Ins. Co.*, 536 F.2d 576, 579 (3rd Cir.1976)). Whether these standards have been met "should be made in the first instance by the bankruptcy judge after a careful review of the record of the prior case." *Matter of Ross*, 602 F.2d at 608. We turn then to a review of the judgment and record of the district court.

■ We have previously addressed the elements required to find a debt nondischargeable pursuant to 11 U.S.C. § 523(a)(6). Briefly summarized, there must be found a deliberate or intentional injury, without good or just cause for the

infliction of such injury. Initially then we must decide whether in fact an injury has been suffered.

As a result of Lindsay's direct competition with his former employer, Dearborn, several accounts which once belonged to Dearborn became accounts of Lindsay's. By the terms of his employment contract with Dearborn Lindsay was not, for a period of one year upon leaving Dearborn, to solicit business from any Dearborn accounts which had been serviced by Lindsay during the pendency of his association with Dearborn. Lindsay breached this agreement and upon leaving Dearborn immediately solicited business from Dearborn accounts. As a result of this, three accounts stopped utilizing Dearborn and became customers of Lindsay. A jury found that Lindsay had breached his contract with Dearborn and awarded actual damages for Dearborn in the amount of $13,000.00. Clearly there has been an injury, nor does Lindsay allege to the contrary.

With respect to a finding that Lindsay's actions were willful, there can be no doubt. His brief filed in this matter admits to as much; even absent such admission, upon a review of the trial transcript we find that Lindsay willfully breached his contract with Dearborn.

We also find that Lindsay's actions come within the definition employed by the *Tinker* Court, quoted *infra*. In short, Lindsay's actions constitute a willful and malicious injury to another. The next question is whether the district court jury was sufficiently presented with the issue of whether Lindsay's actions were justifiably induced.

After a review of the instructions submitted to the jury in the district court action and a review of the trial transcript, we believe Lindsay was amply afforded opportunity to prove that his actions were justifiably induced. In that regard we note the following.

As part of the instructions to the jury, the statement of the case included Lindsay's contentions: that his contract with Dearborn was not binding upon him because 1) he received nothing in return for his promise not to compete; 2) the contract was not enforceable because it is an illegal restraint on free trade. "Breach of contract" and "consideration" were defined for the jury. The jury was also instructed that the contentions of Lindsay were affirmative defenses and that the burden of proof was on Lindsay to prove them by a preponderance of the evidence. Finally, the jury was instructed that if the contract was unenforceable for either reason, it would have to find for Lindsay. However, if it found that the contract was enforceable, it would have to find for Dearborn and assess the amount of damages suffered by Dearborn. After weighing all the evidence the jury found for Dearborn and awarded it $13,000.00.

In his brief before this Court, Lindsay merely reargues the positions which he urged in the district court action, arguments which did not persuade a jury. This Court finds these arguments unpursuasive and sees no reason to disturb such verdict.

Finally, we note the burden of proof is on the petitioning creditor to demonstrate that the debt is nondischargeable. Fed.R.Bankr.P. 4005. Establishing the elements of dischargeability must be by clear and convincing proof. *In re Lowther*, 32 B.R. 638 (Bankr.W.D.Okla.1983). In the district court the jury was instructed that Dearborn must prove its case by a "preponderance of the evidence." While this standard may not be as stringent as "clear and convincing", a review of the judgment and record convinces this Court that standards identical to those of § 523(a)(6) were utilized. And that while the burden of proof utilized in the district court was perhaps less stringent, an independent review of the judgment and record of the district court convinces us that a willful and malicious injury has occurred. Furthermore, the criteria of *Ross* have been met such that we may apply the doctrine of collateral estoppel to the district court action.

With respect to issues of dischargeability this Court once noted:

In determination of dischargeability under § 523(a)(6), it is important that a careful analysis be made of the facts of each particular case and the degree of

culpability, if any, which may be involved. It is vital to look to the particular circumstances of each case, each with their own legal subtleties and nuances, in determining the presence or absence of maliciousness, keeping in mind at all times the recognized purpose of the Bankruptcy Code to provide a "fresh start" for the honest debtor. *In re Lewis,* 31 B.R. 83, 86 (Bankr.W.D. Okla.1983). Mindful of such precept, we find that the proceedings in the district court between Dearborn and Lindsay proved sufficiently the commission of a willful and malicious injury so as to preclude the discharge of the resulting debt.

Accordingly, for all the foregoing reasons, the debt owed Dearborn arising from the judgment obtained by it against Lindsay pursuant to the district court lawsuit shall be and hereby is, declared to be nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

Pursuant to Fed.R.Bankr.P. 7052 the above constitutes our findings of fact and conclusions of law and shall constitute the judgment and order of this Court.