In re Paul E. ORR, Debtor.

Judith ORR, Plaintiff,

v.

Paul E. ORR, Defendant.

Bankruptcy No. 88–03513–BKC–TCB.
Adv. No. 88–0552–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

March 10, 1989.

**110**

Kim Douglas Sherman, Sherman & Rayson, Ft. Lauderdale, Fla., for plaintiff.

Frederic C. Buresh, William L. Gardiner, III, Ft. Lauderdale, Fla., for defendant.

Daniel L. Bakst, West Palm Beach, Fla., trustee.

## MEMORANDUM DECISION

### THOMAS C. BRITTON, Chief Judge.

The debtor's ex-wife seeks exception from discharge under 11 U.S.C. § 523(a)(5) for claims adjudicated in the parties' dissolution of marriage proceeding. The debtor has answered and the matter was tried on January 24. I now conclude that the debtor's obligations to his ex-wife are nondischargeable.

The ex-wife was an employee and shareholder of the debtor's corporation. The parties intended an amicable resolution of the dissolution of their marriage and sought to resolve their business relationship as well. They entered into a Settlement Agreement in connection with the divorce. The ex-wife was entitled to receive from the corporation a weekly payment of $800 for six months, $500 for the following three years, an automobile, and insurance for the automobile and medical expenses. The payments were guaranteed by the husband. The payments were to be made whether or not the ex-wife worked for the corporation.

The 16-year marriage was dissolved by a final judgment dated April 14, 1987. The judgment incorporates the parties' Property Settlement Agreement dated March 13, 1987.

The debtor filed his bankruptcy petition on September 2, 1988.

On October 12, 1988, this court granted the ex-wife relief from stay (Case No. 88–03513—CP 8) to seek reformation of the Property Settlement Agreement which incorporates a Stockholders Agreement. The matter was heard by a General Master whose Report (Ex. 2) was ratified by a circuit court judge on January 24. (CP 6 attachment).

The Report of General Master finds that: (1) the periodic payments in the Stockholders Agreement constituted payments of rehabilitative alimony; and (2) the former husband agreed to pay additional rehabilitative alimony by paying for car insurance, health insurance, and the car payments of the former wife. The Master made no determination with respect to the indemnification provision under which the debtor agreed to hold the ex-wife harmless on corporate debts. (Stockholders Agreement ¶ 11).

The debtor's exceptions to the Report have not been ruled upon by the State court. The objection is that:

"[t]he General Master exceeded her discretion, exceeded the jurisdiction of this Court, and departed from the essential requirements of the law. The General Master was mistaken when she believed she could proceed to determine whether or not payments under the Shareholders Agreement were in the nature of alimony." (Ex. A p. 3).

I disagree.

The debtor is under the mistaken impression that the bankruptcy court has exclusive jurisdiction to determine the dischargeability of debts under § 523(a)(5). The jurisdiction of this court is *concurrent* with the State court for the determination of all dischargeability issues except those in §§ 523(a)(2), (4) and (6). § 523(c); *In re Crowder*, 37 B.R. 53 (Bankr.S.D.Fla.1984); 3 *Collier on Bankruptcy* ¶ 523.15[6] (15th Ed.1988).

I appreciate having the benefit of the ratified General Master's Report. The State court judge is in a far better position than is this court to determine the factual issue of spousal support which is controlling in the application of § 523(a)(5) in this case. Of course, the State court has exclusive jurisdiction over all matters concerning enforcement or modification of alimony and support. *In re Harrell,* 754 F.2d 902, 907 n. 8 (11th Cir.1985).

■ When the automatic stay was modified to permit the plaintiff to seek reformation of the Agreement, the State court did not exceed its authority in determining whether the payment provisions in the Agreement were in the nature of alimony or support. The consideration of those related issues was appropriate under the circumstances.

Section 523(a)(5) excepts from discharge debts to a former spouse:

"for alimony to, maintenance for, or support of such spouse ... in connection with a ... divorce decree ..., but not to the extent that ... (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support."

The legislative history reflects that what constitutes alimony, maintenance or support is to be determined under federal bankruptcy law and not State law. H.R. No. 95–595, 95th Cong., 1st Session (1977) 364, U.S.Code Cong. & Admin.News 1978, p. 5787; *In re Harrell, supra,* at 904–05. Of course, the label "alimony" used in the Report is insufficient to make the obligation nondischargeable unless the payment is actually for support and maintenance. 3 *Collier on Bankruptcy* ¶ 523.15[5] (15th Ed.1988). Under § 523(a)(5), the determination is based on the substance of the obligation. *Harrell, supra,* at 905.

■ The difficult issue here is that the Agreement provides that:

"[i]n consideration of the benefits provided therein [Stockholders Agreement] the Wife hereby waives any and all claims for alimony or support for herself, both periodic and lump sum, which she might further have against the Husband...." (Property Settlement Agreement ¶ 4).

The intent of this recital was subject to dispute in the State court as well as in this court.

In addition to the State court findings, I have considered the testimony of the parties and the two attorneys who advised them in drafting the Agreement. I find that the language regarding waiver is under the caption "Stock Ownership," and is misleading if interpreted as nullifying the provision for salary contained in separately numbered paragraphs. (Stockholders Agreement ¶¶ 8 and 9).

The debtor concedes that the wife's earning capacity was well below that of the husband. (CP 5 at 16). She earned $40,000 and he earned in excess of $100,000 from the business. Therefore, I conclude that the ex-wife agreed to "waive further alimony" because the "salary" was intended by the parties to be her means of support. (Ex.B. pp. 28–44).

The facts here are distinguishable from *In re Markizer,* 66 B.R. 1014, 1016–19 (Bankr.S.D.Fla.1986), relied upon by the debtor. The disputed payments in that case were an advance on sale proceeds of the parties' business in which the spouses earned similar salaries. The wife in *Markizer* did not need support.

I find that the debtor's obligations to his ex-wife are actually in the nature of alimony and support, intended to balance the disparate incomes of the spouses. Therefore, the amounts owed by the debtor to his ex-wife are nondischargeable under § 523(a)(5).[1]

As is required by B.R. 9021(a), a separate judgment will be entered in accordance herewith. Costs may be taxed on motion.

DONE and ORDERED.

---

1. It is not the task of this court to establish the specific dollar amounts for the debtor's non-dis-

chargeable domestic obligations. *Harrell, supra,* at 905–06 n. 5.