831 P.2d 1010 (1992)
Marissa A. SHOCKLEY, a minor By and Through Douglas SHOCKLEY, her father and next friend, and Douglas Shockley, individually, Appellants,
v.
Craig McKinney BROWN, Appellee.
No. 75885.
Court of Appeals of Oklahoma, Division No. 3.
May 12, 1992.
Howard K. Berry, Jr., Oklahoma City, for appellants.
David A. Kaserman, Oklahoma City, for appellee.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 3.

*1011 OPINION
HANSEN, Vice-Chief Judge:
Appellants, Marissa A. Shockley, a minor by and through Douglas Shockley, her father and next friend and Douglas Shockley, individually (Appellants) seek review of the trial court's "stay" order which enjoins and prohibits them from instituting or continuing any action or engaging in any act to collect the debt alleged in their Petition from Appellee. Appellants brought this negligence action against Appellee for injuries sustained by Appellant Marissa A. Shockley when she was struck by Appellee's automobile. Appellee maintains the debt was discharged in bankruptcy. We reverse.
Appellants filed the present action on November 19, 1987, to recover compensatory and punitive damages from Appellee for injuries caused in a November 6, 1987, automobile/pedestrian accident. On June 16, 1989, Appellee filed his voluntary petition in bankruptcy pursuant to Chapter 7, Title 11, United States Code. On June 19, 1989, Appellee filed a Plea of Abatement with the Oklahoma County District Court, seeking abatement because of the pending bankruptcy. Appellee was granted a discharge in bankruptcy on September 27, 1989.[1] On May 30, 1990, the trial court granted Appellee's Motion to Stay Proceeding, permanently enjoining and prohibiting Appellants from seeking to collect this debt *1012 from Appellee. Appellants did not respond to the Motion to Stay.
In their Petition below, Appellants sought compensatory damages for Appellee's alleged negligence, and punitive damages for his "willful, wanton and reckless disregard" of their rights. The Pre-Trial Conference Order of January 30, 1989, indicates Appellants were seeking a total of $1,312,000.00 in damages for personal injury, pain and suffering, medical and hospital expenses loss of earnings and impairment of earning capacity, past and future medical expenses, and deprivation of services. The Order did not reflect any amount sought in punitive damages. Appellants' claims for $1,312,000.00 were included on Appellee's Schedule A-3: Unsecured Creditors in the bankruptcy action although there was no reference that punitive damages were being sought.
Appellee admits Appellants did not receive official notice of Appellee's bankruptcy action because their names and addresses were "inadvertently omitted" from the mailing matrix. Because of such omission, Appellants did not receive any of the statutorily-required notices, including the first meeting of creditors and notice of bar dates. However, Appellants' attorney received notice of the bankruptcy on the date the bankruptcy petition was filed by a phone call from Appellee's attorney. Further, the Plea in Abatement filed in this case three days after Appellee filed his bankruptcy petition, listed the case number of Appellee's bankruptcy case.
Appellants contend their claim constituted 92% of the unsecured claims asserted against Appellee in the bankruptcy and that his failure to properly schedule Appellants constituted a denial of due process. Appellee argues the notice given to Appellants and their attorney was legally sufficient and Appellants' failure to object to the discharge in the bankruptcy court, rendered the debt discharged.
Appellants maintain the trial court erred in applying Appellee's discharge to bar their claim because they were denied sufficient notice of the bankruptcy proceedings, making the claim non-dischargeable under 11 U.S.C. § 523(a)(3). Appellants do not specify whether the debt is to be governed by subparagraph (A) or (B) of that subsection. Appellants further argue the trial court abused its discretion by ordering the stay because punitive damages are nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(6).
Section 342(a), Title 11, United States Code, provides: "There shall be given such notice as is appropriate, including notice to any holder of a community claim, of an order for relief in a case under this title."
11 U.S.C. § 523(a) lists the exceptions to a Chapter 7 discharge. Individual debtors are not discharged from any debt:

* * * * * *
(3) neither listed nor scheduled under Section 521(1) of this title,[2] with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit 
(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

* * * * * *
(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;
* * * * * *
(Emphasis supplied.)
*1013 Appellants cite Reliable Electric Co. Inc. v. Olson Construction Co., 726 F.2d 620 (10th Cir.1984) in support of their position that they lacked adequate notice, making the debt nondischargeable, and rendering the trial court's stay order an abuse of discretion. In Reliable, the corporate debtor failed to list the creditor in its Chapter 11 reorganization. The 10th Circuit affirmed the bankruptcy court's order which found the creditor's claim was not discharged or subject to the confirmed plan because the creditor had no written notice of the confirmation hearing, even though the debtor's attorney had notified the creditor's attorney by telephone that Reliable had instituted Chapter 11 proceedings. The 10th Circuit held that the creditor had been denied due process of law. As specifically applied to bankruptcy reorganization proceedings, a creditor who has general knowledge of a debtor's reorganization proceeding, has no duty to inquire about further court action. Reliable, at 622. "The creditor has a `right to assume' that he will receive all of the notices required by statute before his claim is forever barred." Supra.
The 10th Circuit further expounded upon the rule in Reliable in In re Green, 876 F.2d 854 (10th Cir.1989). In In re Green, the creditor was not duly scheduled in the bankruptcy proceeding. However, the facts indicated the creditor had received actual timely notice of the filing and the bar date. In concluding the creditor was not deprived of due process, the Court held that because of the specific language of 11 U.S.C. § 523(a)(3)(A) which allows discharge of the debt of a creditor with actual, timely notice, a Chapter 7 creditor holding an unsecured claim did not have the "right to assume" receipt of further notice when that creditor has received notice of a bar date in time sufficient to act. In re Green, at 857.
The District Court of the Northern District of Oklahoma has recently analyzed In re Green.[3] In Maritan, the District Court reversed the Bankruptcy Court's order which had concluded the creditor's attorney's knowledge of the case constituted actual notice under § 523 and therefore denied the creditor's motion for leave to file an objection to the debtor's discharge. The creditor, Maritan, was listed as a creditor on the bankruptcy schedules but such schedules failed to include Maritan's address. Because of such omission, the debtor's notice of bankruptcy, including the notice of the date for the first meeting of creditors and the two bar dates, was never mailed to Maritan. Maritan and Maritan's attorney first learned of the debtor's petition in bankruptcy by reading the Tulsa Legal news. Maritan's attorney then searched the debtor's schedules filed with the Bankruptcy Court to confirm its status as a creditor. The attorney, however, had no actual notice of the objection cut-off date until the time for filing objections had passed.
Applying In re Green and Reliable Electric, the District Court concluded Maritan was entitled to formal notice from the Bankruptcy Court, specifying the objection cut-off date, within a reasonable time to file an objection. The District Court refused to agree with the Bankruptcy Court's application of In re Green without a finding that Maritan's attorney had actual knowledge of the bar date.
In the present case, the record indicates Appellants' attorney had actual knowledge that Appellee had filed a petition in bankruptcy. However, there is no evidence to indicate Appellants or their attorney had notice of the bar dates for filing objections to Appellee's discharge or the dischargeability of the debt.[4] Appellants were entitled to formal notice from the Bankruptcy Court which specified the objection *1014 bar date. The failure to so notify them, denied Appellants of due process. Accordingly, we hereby determine the Appellants' claim for compensatory and punitive damages was excepted from Appellee's discharge pursuant to 11 U.S.C. § 523(a)(3). It was therefore error for the trial court to permanently enjoin the continuation of Appellants' negligence action.
In a related argument, Appellants contend the Stay Order was improper because the claim was nondischargeable pursuant to 11 U.S.C. § 523(a)(6). That subparagraph provides a Chapter 7 discharge does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." Having determined Appellants' debt was not discharged by Appellee's discharge in bankruptcy pursuant to 11 U.S.C. § 523(a)(3), we will not consider whether such debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(6).[5]
Appellee seeks dismissal of this appeal, asserting this Court is without jurisdiction. That motion is denied. In his answer brief, Appellee asserts the trial court was without jurisdiction to enter the Stay Order. The federal district courts have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. 28 U.S.C. § 1334(b). Jurisdiction over the dischargeability of a debt alleged to be nondischargeable under 11 U.S.C. § 523(a)(3) is held concurrently by the bankruptcy court and any appropriate nonbankruptcy forum. Advisory Committee Note to Bankruptcy Rule 4007; In re: Iannacone, 21 B.R. 153 (Bankr.D.Mass. 1982); D. Cowans, Cowans Bankruptcy Law and Practice, § 6.10 (1989).
The trial court had jurisdiction to determine whether to permanently enjoin the continuation of Appellants' negligence action because the claim had been discharged in bankruptcy. This Court has jurisdiction to review that final order pursuant to 12 O.S. 1981, §§ 952, 953.
The order of the trial court permanently enjoining and staying these proceedings is REVERSED.
HUNTER and JONES, JJ., concur.
NOTES
[1] The discharge order provided:

1. The above-named debtor is released from all dischargeable debts.
2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:
(a) debts dischargeable under 11 U.S.C. § 523;
(b) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from the discharge under clauses (2), (4) and (6) of 11 U.S.C. § 523(a);
(c) debts determined by this court to be discharged under 11 U.S.C. § 523.
3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor.
[2] 11 U.S.C. § 521 provides in part: The debtor shall  (1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs; ...
[3] Maritan v. Hill, by order dated March 21, 1991, (unpublished as of this date), # 90-C-687-B (D.C.N.D.Okla.) reversing In re: Hill, 117 B.R. 663 (Bankr.N.D.Okla. 1990).
[4] Bankruptcy rules 4004 and 4007 require the creditor to object to the debtor's discharge or the dischargeability of a particular debt within sixty (60) days following the first date set for the meeting of creditors. If the creditor does not act, the debt is discharged. In re Tuzzolino, 71 B.R. 231 (Bankr.N.D.N.Y. 1986).
[5] The bankruptcy court has exclusive jurisdiction to determine the dischargeability of debts set out in 11 U.S.C. § 523(a)(6). Advisory Comment Note to Bankruptcy Rule 4007; In re: Smith, 125 B.R. 630 (Bankr.E.D.Okla. 1991); In re: Iannacone, 21 B.R. 153 (Bankr.D.Mass. 1982); In re: Orr, 99 B.R. 109 (Bankr.S.D.Fla. 1989). Furthermore, a debt is not nondischargeable under § 523(a)(6) simply because it is alleged to have been caused by a willful and wanton injury of the debtor. A court must initially decide whether in fact an injury has been suffered. Next, the injury must be found to be deliberate or intentional, not just negligent or incurred through reckless disregard. In re: Lindsay, 55 B.R. 569 (Bankr.W.D.Okla. 1985); In re Bratcher, 20 B.R. 547 (Bankr. W.D.Okla. 1982). The burden of proof is on the creditor to demonstrate by clear and convincing evidence, that the debt is nondischargeable. In re: Lindsay, at 573.