613 So.2d 121 (1993)
Linda Jean SCHARMEN, Appellant,
v.
Cory Clay SCHARMEN, Appellee.
No. 92-473.
District Court of Appeal of Florida, First District.
February 1, 1993.
Rehearing Denied March 8, 1993.
*122 Patricia Strickland Warren, Ft. Walton Beach, for appellant.
Alice C. Cano, Santa Rosa Beach, for appellee.
ALLEN, Judge.
Linda Jean Scharmen appeals from a circuit court order determining that an attorney fee obligation was discharged by her former husband's bankruptcy.[*] Because the fee award was in the nature of support, we reverse.
The parties were divorced in 1986 pursuant to a final judgment of dissolution that placed primary physical residence of the children with the appellant, established visitation rights for the appellee, and ordered the appellee to pay child support. Thereafter, the appellant moved out of state, and both parties sought a change in the visitation in recognition that weekend visitations would no longer be practical. The appellant also sought an increase in child support. Soon thereafter the appellee absconded to Georgia with the children, where he attempted to initiate custody proceedings. After three months, the children were located and returned to the appellant, who then filed an amended supplemental complaint for modification. The appellee also filed an amended supplemental complaint that asked the court to place primary residential custody of the children with him. After a hearing, the court entered an order that granted the appellant's request for modification of the appellee's visitation rights; required the appellee to post a $2500 bond as a condition for unsupervised visitation with the children; denied the appellant's request for modification of child support; denied the appellee's request to move the primary physical residence of the children; found the appellee in contempt for arrearages in child support; and retained jurisdiction to determine the attorneys' fees, costs and suit monies. The trial court ordered that the appellant was entitled to attorneys' fees and costs, in the post-dissolution proceedings, reserving jurisdiction *123 to determine those amounts. The appellee thereafter filed a "Suggestion of Bankruptcy," arguing that the claim for attorneys' fees and costs had been discharged by the bankruptcy court. The appellant responded with a motion asserting that the fees were nondischargeable under section 523(a)(5) of the Bankruptcy Code. The trial court determined that the fees had been discharged.
The question in this case is whether the appellee's obligation to pay his former wife's attorney fees incurred as a result of the post-dissolution proceedings is nondischargeable under title 11, section 523(a)(5), United States Code (1988). Section 523(a)(5) provides in pertinent part that a discharge in bankruptcy
does not discharge an individual debtor from any debt 
(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record... .
Whether a debt is nondischargeable under section 523(a)(5) is a question of fact that is determined under federal bankruptcy law, the critical inquiry being the function the fee award was intended to serve. Adams v. Zentz, 963 F.2d 197, 199-200 (8th Cir.1992). The reviewing court will not disturb the finding of the lower tribunal unless clearly erroneous. Id. at 200.
Numerous bankruptcy court cases have addressed the dischargeability of a dissolution and post-dissolution attorney fee obligation. The general rule appears to be that the debt is nondischargeable when the fees were incurred either through litigation of alimony, maintenance, or support issues, or through litigation of issues "so tied in with the obligation of support as to be in the nature of support or alimony." In re Shaw, 67 B.R. 911, 912 (Bankr. M.D.Fla. 1986).
Although some disagreement exists between the courts when the underlying litigation centers solely upon visitation, we need not address that controversy because the record reveals that visitation was only one part of the litigation below. The primary issues litigated were custody, modification of support and enforcement of support. The cases uniformly hold that a fee award incurred in connection with such litigation is "in the nature of alimony or support" and thus nondischargeable. See In re Vazquez, 84 B.R. 848, 850 (Bankr. S.D.Fla. 1988) (and cases cited therein), aff'd, 92 B.R. 533 (S.D.Fla. 1988); see also In re Ray, 143 B.R. 937, 940 (Bankr. D.Colo. 1992); In re Glynn, 138 B.R. 360 (D.Conn. 1992); In re Farrell, 133 B.R. 145 (Bankr.S.D.Ind. 1991); In re Peters, 133 B.R. 291 (S.D.N.Y. 1991); In re Hicks, 65 B.R. 227 (Bankr.D.N.M. 1986); In re Snider, 62 B.R. 382 (Bankr.S.D.Tex. 1986).
In applying the law to the facts of this case, the trial court erred in ordering the attorney fee award discharged. Accordingly, we reverse the appealed order and remand for the trial court to enter a new order consistent with the holding herein.
SMITH and WOLF, JJ., concur.
NOTES
[*] State courts have concurrent jurisdiction with the bankruptcy court to determine the dischargeability of debts falling under 11 U.S.C. § 523(a)(5) (1988). See In re Orr, 99 B.R. 109, 110 (Bankr.S.D.Fla. 1989); Fed.R.Bankr.Pro. 4007 Cmt. (b), 11 U.S.C.A. (1984).