643 So.2d 1141 (1994)
Michael S. HUEY, Appellant,
v.
Mabel Joyce HUEY n/k/a Mabel Joyce Eng, Appellee.
No. 93-2131.
District Court of Appeal of Florida, Fourth District.
September 28, 1994.
Rehearing Denied November 3, 1994.
*1142 Leslie Scott Osborne of Furr and Cohen, P.A., Boca Raton, for appellant.
Matthew S. Nugent, West Palm Beach, for appellee.
KLEIN, Judge.
Appellant, former husband, appeals an order providing that debts arising out of his former marriage and its dissolution were not dischargeable in his subsequent bankruptcy. We affirm.
Husband and wife were married in 1975, and husband filed a petition to dissolve the marriage in 1989. The parties settled following mediation in February 1990, and in April 1990 the trial court entered an order approving the transcript of the mediation as the settlement agreement. At the time of the settlement the husband was earning approximately $120,000 a year in his insurance business, and the wife was earning approximately $30,000 as a legal secretary. The settlement provided that the wife would receive the house and the husband would receive a condominium. The husband agreed to pay $2,000 a month child support, but there was no provision for alimony. The husband agreed to pay the bulk of the parties' credit card debts.
In September 1992, husband filed a petition under Chapter 7 of the Bankruptcy Code, seeking to discharge certain debts which included the marital credit card debt, a deficiency judgment which occurred after foreclosure, and attorney's fees to wife's counsel. The dischargeability of these debts is governed by 11 U.S.C. § 523 (a)(5)(B) (1988) which provides:
§ 523 Exceptions to discharge
(a) A discharge under 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt 
* * * * * *
(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that 
* * * * * *
(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;
Wife subsequently filed a petition in state court seeking a determination of the dischargeability of these debts in the bankruptcy. State courts have concurrent jurisdiction with the bankruptcy court to determine the dischargeability of debts falling under 11 U.S.C. § 523(a)(5). Fortner v. Fortner, 631 So.2d 327, 329 (Fla. 2d DCA 1994), citing In re Rabeiro, 151 B.R. 965 (Bankr. M.D.Fla. 1993); In re Orr, 99 B.R. 109 (Bankr.S.D.Fla. 1989).
Whether a debt is dischargeable is to be decided under federal bankruptcy law, In re Borzillo, 130 B.R. 438, 443 (Bankr. E.D.Pa. 1991), and what constitutes alimony, maintenance or support is determined under federal bankruptcy law, In re Orr, 99 B.R. at 111.
The court is not bound by the label the parties placed on the obligation, but rather the court must look to the substance of *1143 the agreement dissolving the marriage and determine the nature of the obligation as a matter of fact. In re Baker, 146 B.R. 862 (Bankr.M.D.Fla. 1992); In re Campbell, 74 B.R. 805 (Bankr.M.D.Fla. 1987). In making its inquiry the court should look at the situation the parties were in at the time the agreement was made. In re Carbia, 113 B.R. 761 (Bankr.S.D.Fla. 1990).
In In re Campbell, the court set forth six factors to aid the courts in determining the true nature of obligations in these cases:
(1) Whether the obligation under consideration is subject to contingencies such as death or remarriage;
(2) Whether the payment was fashioned in order to balance disparate incomes of the parties;
(3) Whether the obligation is payable in installments or in a lump sum;
(4) Whether there are minor children involved in the marriage requiring support;
(5) The respective health of the spouse and the level of education; and last,
(6) Whether in fact there was need for support at the time of the circumstances of the particular case.
74 B.R. at 810.
The trial court, in its order holding that the above debts were not dischargeable in bankruptcy, stated:
These obligations are the Former Husband's in the nature of support, as demonstrated by the tremendous disparity between the parties' income at the time the agreement was reached, the difficulty or the impossibility of the Former Wife supporting herself and the children at the time of the dissolution of marriage without the Former Husband taking responsibility for these obligations, the failure of the settlement agreement to provide alimony for the Former Wife in spite of the tremendous disparity between the parties in earning ability and income, and the need of the Former Wife for support (in the form of money payments to the Former Wife, or payments by the Former Husband of debt obligations) at the time the settlement agreement was entered into.
In addition to arguing that the trial court correctly applied the law when it determined that these debts were not dischargeable, wife also points out that the husband has not furnished this court with a transcript of the evidentiary hearing on which the trial court's findings of fact were grounded. Husband responds that the court should only consider the facts existing at the time the agreement was made, citing In re Carbia as authority. He argues that a transcript of the discharge hearing is thus unnecessary. We cannot agree. The trial court findings were based on evidence presented at the discharge hearing, and the fact that the evidence at that hearing reflected facts existing at the time of the agreement would not obviate the need for a transcript.
A reviewing court cannot disturb findings of fact regarding dischargeability of debts in bankruptcy unless those findings are clearly erroneous. Scharmen v. Scharmen, 613 So.2d 121, 123 (Fla. 1st DCA 1993), citing Adams v. Zentz, 963 F.2d 197. Without a transcript we cannot determine whether the findings here were clearly erroneous. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).
AFFIRMED.
GUNTHER and STEVENSON, JJ., concur.