PER CURIAM.
The former husband challenges several aspects of the equitable distribution of marital assets and liabilities in the final judgment dissolving the parties’ marriage.* We approve the valuation and distribution methodology utilized by the trial court in equitably distributing the marital assets and liabilities. The learned trial judge did an outstanding job in difficult circumstances, fashioning a just and equitable plan of distribution.
There was, however, an apparent scrivener’s error in the computation of the lump sum alimony awarded the former wife as her share of the enhanced value, attributable to marital labor, of certain of the husband’s non-marital assets. The former wife concedes that the trial court’s calculation of the enhanced value of three parcels of real estate was based on the erroneous premise that the husband owned a one-third interest in each parcel; the husband’s stake in each of these properties was in fact an undivided one-sixth *918 interest. Solely for this reason, we are constrained to reverse and remand.
We do not foresee a need for further proceedings beyond those necessary to correct the calculations conceded to be in error, but we leave to the trial court’s discretion whether that correction would necessitate other changes in the equitable distribution of marital assets and liabilities.
Reversed and remanded.
ERVIN, MINER, and BENTON, JJ., concur.

 The former husband also contests a small portion of the attorney's fees awarded to the wife. This point was submitted without argument and we affirm the award without discussion.