964 So.2d 185 (2007)
Donald Bradford MEEKS, Appellant,
v.
Michele McCoy MEEKS, Appellee.
No. 2D06-4505.
District Court of Appeal of Florida, Second District.
August 17, 2007.
*186 Edward C. Royer of Florida Law Group, L.L.C., Tampa, for Appellant.
Michele McCoy Meeks, pro se.
ALTENBERND, Judge.
Donald Bradford Meeks appeals the final judgment of dissolution of his marriage to Michele McCoy Meeks. We affirm and write only to discuss language placed in the judgment improperly opining on the future dischargeability of certain obligations owing by Mr. Meeks to his wife.
This divorce involves a twenty-three-year marriage with no minor children and limited assets. It should have been a relatively simple proceeding. Unfortunately, Mr. Meeks unilaterally liquidated a retirement account worth $77,643.87. He moved to Georgia and did not fully comply with the discovery process or with an order prohibiting the dissipation of marital assets.
In the final judgment, the trial court awarded Mrs. Meeks $10,000 that had been in a joint AmSouth bank account and which Mr. Meeks claimed he had transferred to a Wachovia checking account in Georgia. He was ordered to pay this amount to his wife by August 4, 2006. The final judgment states that this amount is lump sum alimony and that the "Lump Sum Alimony is not Dischargeable in bankruptcy."
Mr. Meeks was also ordered to pay Mrs. Meeks $35,000 as her share of the retirement account. Because he had dissipated this account and earns approximately $60,000 annually, the trial court permitted Mr. Meeks to pay the $35,000 in monthly installments of $500 including interest. Again the judgment opines: "Said debt by the husband to the wife is not Discharagable [sic] by the Husband in bankruptcy."
Mr. Meeks challenges the trial court's authority to declare these amounts nondischargeable and claims that they should be dischargeable. We conclude that the trial court did not have the authority to make any binding legal ruling concerning the dischargeability of these debts in any future bankruptcy proceeding that might be filed by Mr. Meeks. The trial judge's predictions might be an accurate statement of current federal law in light of recent changes in bankruptcy law, but the statements are premature and advisory, at best. As such, we order these provisions stricken from the final judgment on remand.[1]
Bankruptcy law concerning the dischargeability of obligations created in dissolution of marriage judgments is complex. The bankruptcy code allows certain debts to be excepted from bankruptcy discharge, including some domestic support obligations. 11 U.S.C. § 523(a) (2000 & Supp. V. 2005). Prior to the 2005 amendments to the bankruptcy code, true support obligations owing to a spouse or family member *187 were generally not dischargeable, but obligations relating to equitable distribution were dischargeable. De Lapouyade v. De Lapouyade, 711 So.2d 1202, 1205 (Fla. 2d DCA 1998) (citing to 11 U.S.C. § 523(a)(5), (15)).
The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Pub.L. No. 109-8, § 215, 119 Stat. 23, 54 (Apr. 20, 2005), significantly changed the rules concerning the dischargeability of obligations created in dissolution judgments under § 523(a)(5) and (a)(15). It eliminated the former exceptions to nondischargeability in those sections and expanded the scope of support obligations to include all domestic support obligations. Id. Though the interplay of these revised sections has not yet been interpreted in the case law, some commentators have stated that
[e]ssentially, the combination of amended § 523(a)(5) and (15) would be to exclude from discharge all marital and domestic relations obligations, whether support in nature, property division, or hold-harmless, provided that they were incurred in the course of a divorce decree, or other order of a court of record or a determination made in accordance with state or territorial law by a governmental unit.
Hon. William Houston Brown and Lawrence R. Ahern, III, 2005 Bankruptcy Reform Legislation with Analysis, 63 (Thomson/West 2005); see generally Lynne F. Riley and Maria C. Furlong, The Complex Intersection of Divorce and Bankruptcy in the 21st Century, 16 J. Bankr. L. & Prac. 2 Art. 1 (2007).
We are not holding that § 523(a)(5) or (15) prevents the discharge of equitable distribution obligations in Florida or in this specific case. We highlight these changes primarily to caution Florida lawyers that earlier Florida case law may no longer accurately portray current federal bankruptcy law.
The problem with the trial court's judgment is that it reached an issue of federal law that is not yet ripe for consideration. See Thompson v. Thompson, 811 N.E.2d 888, 912 (Ind.Ct.App.2004) (stating that determinations of dischargeability may only be answered after a bankruptcy petition is filed). A state trial court is free to place language in a judgment to memorialize factual determinations or legal rulings on questions of state law that may later assist a bankruptcy court in deciding, as a matter of federal law, the dischargeability of obligations created by the judgment.[2] However, the law does not allow a state court to decide the federal issue of discharge prior to the filing of any bankruptcy proceeding.[3]Id. Accordingly, we order those determinations stricken from this judgment.
Affirmed with instructions.
KELLY and CANADY, JJ., Concur.
NOTES
[1] We note that Mr. Meeks is challenging the dischargeability of a $10,000 obligation that he was required to pay to Mrs. Meeks more than a year ago. Had he complied with the judgmentand he testified that he had the ability to pay this amountthe issue of dischargeability would be moot. From our record and from Mrs. Meeks' representations at oral argument, it would appear likely that Mr. Meeks has not complied with any of his obligations under this final judgment, including his obligation to pay monthly permanent periodic alimony for Mrs. Meeks' support. If Mrs. Meeks were represented by an attorney, it is likely that her attorney would have sought the dismissal of this appeal for Mr. Meeks' failure to comply with this support obligation within the judgment. See Gazil v. Gazil, 343 So.2d 595, 597 (Fla.1977); Keidaish v. Smith, 400 So.2d 90, 91 (Fla. 2d DCA 1981).
[2] The bankruptcy court is not necessarily obligated to accept a state court's findings of fact or conclusions of law. See In re McNierney, 97 B.R. 648, 650 (Bankr.S.D.Fla.1989) (stating state court dissolution order "containing the word `support obligation' is neither binding upon nor persuasive to" the bankruptcy court in determining nondischargeability). This is yet another complex bankruptcy issue that is beyond the scope of this opinion.
[3] If a bankruptcy proceeding has actually been filed and a related state court proceeding is pending, the state trial court can have concurrent jurisdiction with a bankruptcy court to determine the dischargeability of debts. Huey v. Huey, 643 So.2d 1141, 1142 (Fla. 4th DCA 1994) (citing Fortner v. Fortner, 631 So.2d 327, 329 (Fla. 2d DCA 1994)). This case, however, does not involve an issue of concurrent jurisdiction.