MONACO, C.J.
 

 The former husband, Manley J. Hood, appeals the final judgment of dissolution of
 
 *974
 
 marriage from his former wife, Karen T. Hood. We affirm in all respects except to the extent that certain computational and allocation errors were made by the trial judge in formulating the final judgment.
 

 The trial of this case, as described in rather charitable terms by Mr. Hood’s counsel, “focused on the Former Husband’s dissipation of significant marital assets.” That an unequal distribution of assets was appropriately awarded in light of Mr. Hood’s egregious behavior is hardly in question.
 
 See Romano v. Romano,
 
 632 So.2d 207, 210 (Fla. 4th DCA 1994). The only inquiry is how much.
 

 Mr. Hood points out that there are a number of computational errors which led the trial court to an incorrect assessment of lump sum alimony. For the most part Mrs. Hood concedes that there are typographical and computational errors, and agrees that the final judgment should be amended to reflect the correct amount owed. Without encumbering this opinion with extraordinarily complex calculations, we identify for the benefit of the parties and the trial court the following items in the assets and liabilities attributed to the parties that are in need of correction:
 

 1. A typographical or computational error in the total equity under “assets” should be modified from $2,308,835 to $2,208,835;
 
 [1]
 

 2. The 2002 Cadillac under “assets” should be removed from Mrs. Hood’s column and placed in Mr. Hood’s column;
 

 3. Because the parties stipulated that the so-called Hessee debt is being litigated elsewhere, and would not be allocated as part of the proceedings below, it should not be included under Mrs. Hood’s business debt column;
 

 4. The final judgment gives one David Thompson (the natural father of Mrs. Hood) a personal lien against the family business for the D & J Marine debt. As David Thompson is a non-party, not having been joined in this dissolution action, it was improper for the trial court to adjudicate whether or not he was entitled to a lien.
 
 See Matajek v. Skowronska,
 
 927 So.2d 981, 985 (Fla. 5th DCA 2006);
 

 5. Because there was no court order found in the record that required Mr. Hood to purchase the Century boat and no other substantial competent evidence to support a holding that Mr. Hood was responsible for the money lost on the failed sale of this boat, he should not have been charged for the loss associated with that failed transaction.
 

 6. The trial court stated that the sum of $160,413 was to be designated as lump sum alimony for support and would not be dischargeable in bankruptcy. It is clear, however, that the trial court lacked jurisdiction to decide federal bankruptcy issues in this state dissolution case.
 
 See Roth v. Roth,
 
 973 So.2d 580, 589 (Fla. 2d DCA 2008);
 
 Meeks v. Meeks,
 
 964 So.2d 185, 187 (Fla. 2d DCA 2007).
 

 Beyond the corrections specifically described in this opinion, the final judgment of dissolution of marriage is affirmed in all respects. The matter is remanded to the trial court to recalculate the distribution of assets and liabilities of the parties and to amend the final judgment consistent with those recalculations and with this opinion.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 LAWSON, J., and EDWARDS-STEPHENS, S., Associate Judge, concur.
 

 [1]
 

 .
 
 See Stewart v. Stewart,
 
 657 So.2d 917 (Fla. 1st DCA 1995).