NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FELIX DE JESUS GUERRA,           )
                                 )
            Appellant,           )
                                 )
v.                               )      Case No. 2D15-2773
                                 )
ANGELA GUERRA,                   )
                                 )
            Appellee.            )
                                 )

Opinion filed September 28, 2016.

Appeal from the Circuit Court for Collier
County; Mary C. Evans, Judge.

Lisa P. Kirby of Lisa P. Kirby, P.A., Naples,
for Appellant.

No appearance for appellee.

LUCAS, Judge.

Felix Guerra appeals the final judgment entered in his dissolution of

marriage proceeding, as well as the order granting his former wife, Angela Guerra, an

award of her attorney's fees and costs.  We affirm the circuit court's judgment and order

in all respects save one.  Within the order, the circuit court included a provision

characterizing its award of attorney's fees and costs as a form of support that "is not

dischargeable in bankruptcy or by any other means."  The entry of the award was appropriate under the facts of this case; however, we have held that prospective determinations purporting to decide whether support obligations will be dischargeable in bankruptcy are improper.  See Roth v. Roth, 973 So. 2d 580, 589 (Fla. 2d DCA 2008) (striking judgment's provision concerning nondischargeability of periodic payment award while husband's bankruptcy petition was pending); Meeks v. Meeks, 964 So. 2d 185, 186 (Fla. 2d DCA 2007) ("We conclude that the trial court did not have the authority to make any binding legal ruling concerning the dischargeability of these debts in any future bankruptcy proceeding that might be filed . . . .").  We therefore reverse the portion of the order that pertains to bankruptcy dischargeability and remand this case with instructions to the circuit court to strike that provision from its order.

Affirmed in part, reversed in part, and remanded with instructions.

KELLY and ROTHSTEIN-YOUAKIM, JJ., Concur.