# Third District Court of Appeal
## State of Florida

Opinion filed August 30, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-249
Lower Tribunal No. 12-17787
_____


**Frank E. Polo, Sr.,**
Appellant,

vs.

**Merlin Hernandez,**
Appellee.


An appeal from the Circuit Court for Miami-Dade County, Spencer Multack, Judge.

Frank E. Polo., Sr., in proper person.

Merlin Hernandez, in proper person.

Segarra & Associates, P.A., Manuel A. Segarra, III, and Irech M. Colon, for interested party Segarra & Associates, P.A.


Before SCALES, HENDON, and MILLER, JJ.

MILLER, J.

Appellant, Frank E. Polo, Sr., the father, challenges a final order ratifying the recommendations of a general magistrate and awarding attorney's fees to appellee, Merlin Hernandez, the mother. On appeal, he contends the trial court lacked jurisdiction to award fees and, alternatively, the trial court placed its imprimatur on the recommendations without independently reviewing the evidence. For the reasons set forth below, we affirm all aspects of the order, save the provision characterizing the fees as a form of support that "shall not be dischargeable in bankruptcy proceedings."

## BACKGROUND

Given the nature of the issues on appeal, the facts require little elaboration. As succinctly observed in this court's earlier opinion in <u>Polo v. Hernandez</u>, 338 So. 3d 386 (Fla. 3d DCA 2022):

> Since the Mother and Father parted ways in 2012, the parties have continued to engage in litigation over various aspects of the parties' 2013 mediated settlement agreement, attorney's fees, and child support, among other things.

> In June 2019, a general magistrate was ordered to resolve two separate motions: 1) the Mother's motion for attorney's fees and costs to be paid by the Father, and 2) the Mother's attorney's motion for attorney's fees and costs to be paid by the Father. The magistrate's report was issued July 19, 2019, and was served on the Father's attorney by mail on July 22, 2019. The Father's attorney timely filed his exceptions to the report on July 29, 2019.

2

Id. at 386–87 (footnote omitted). A predecessor judge initially ratified the report and awarded fees without first considering legal argument on the father's exceptions. This court reversed for a hearing. Id. at 389. The successor judge determined that Polo voluntarily absented himself from the duly convened hearing and overruled the exceptions. Included in the magistrate's recommendation was a finding that the fees "shall not be dischargeable in bankruptcy proceedings." This appeal ensued.

**ANALYSIS**

Applying a de novo standard of review, we conclude Polo has failed to demonstrate reversible error in his first point on appeal. Lopez v. Dep't of Revenue, 201 So. 3d 119, 123–24 (Fla. 3d DCA 2015). Notwithstanding the fact that the reservation contained in the operative final judgment was sufficient to vest the trial court with jurisdiction to award post-judgment fees, it is axiomatic that fees in family law cases may be awarded "from time to time" in accord with the considerations set forth in section 61.16(1), Florida Statutes (2023). Hence, the thirty-day limitation contained within Florida Rule of Civil Procedure 1.525 is inapplicable, and there was no jurisdictional impediment to awarding fees. See Juhl v. Juhl, 328 So. 3d 1031, 1032–33 (Fla. 2d DCA 2021).

As to the second point, competent, substantial evidence in the form of billing records and testimony bearing on the reasonable hours expended, hourly rate, and available resources support the fee award.

We are constrained to remand, however, because the magistrate determined the fee award was not dischargeable in bankruptcy. This finding was premature. In Meeks v. Meeks, 964 So. 2d 185 (Fla. 2d DCA 2007), our sister court cogently explained:

> The problem with the trial court's judgment is that it reached an issue of federal law that is not yet ripe for consideration. A state trial court is free to place language in a judgment to memorialize factual determinations or legal rulings on questions of state law that may later assist a bankruptcy court in deciding, as a matter of federal law, the dischargeability of obligations created by the judgment. However, the law does not allow a state court to decide the federal issue of discharge prior to the filing of any bankruptcy proceeding.

Id. at 187 (footnote omitted) (citation omitted); see also Segall v. Segall, 708 So. 2d 983, 989 n.4 (Fla. 4th DCA 1998) ("The trial court also erred in prematurely determining that the Wife's attorneys' fee award was in the nature of support and not dischargeable in bankruptcy. State courts have concurrent jurisdiction with bankruptcy courts to determine the dischargeability of debts in bankruptcy."); Scharmen v. Scharmen, 613 So. 2d 121, 123 (Fla. 1st DCA 1993) (quoting In re Shaw, 67 B.R. 911, 912 (Bankr. M.D. Fla. 1986)) ("[T]he debt is nondischargeable when the fees

were incurred either through litigation of alimony, maintenance, or support issues, or through litigation of issues 'so tied in with the obligation of support as to be in the nature of support or alimony.'"); Huey v. Huey, 643 So. 2d 1141, 1142 (Fla. 4th DCA 1994) ("[W]hat constitutes alimony, maintenance or support is determined under federal bankruptcy law."). Accordingly, we affirm but remand with instructions to strike the bankruptcy discharge preclusion.

Affirmed and remanded with instructions.