573 So.2d 952 (1991)
Patricia G. BERGER, N/K/a Patricia G. Catarcio, Appellant,
v.
William V. BERGER, Appellee.
No. 89-2477.
District Court of Appeal of Florida, Fourth District.
January 16, 1991.
On Motion for Clarification February 25, 1991.
*953 Andrew L. Siegel of Andrew L. Siegel, P.A., Plantation, for appellant.
Bruce G. Shaffner of Bruce G. Shaffner, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
The appellant wife challenges an order by the trial court awarding her husband fees incurred in the husband's efforts to challenge the wife's chapter 13 bankruptcy plan. We reverse.
The trial court had previously awarded fees to the husband in connection with what the trial court termed a completely meritless petition to modify custody. Instead of paying the fees as required in the order, the wife filed a chapter 13 proceeding in Federal Bankruptcy court. The husband then filed a motion in Bankruptcy court for relief from the automatic stay of bankruptcy. That motion was denied. Furthermore, the bankruptcy judge ruled that the fee order could be considered part of the plan. In further proceedings the plan was approved in the Bankruptcy court, over the husband's objection.
Subsequently, the husband filed a motion in the trial court to assess against the wife the fees he incurred in his unsuccessful efforts in bankruptcy court. The trial court found that the wife's motives in filing the Bankruptcy were to avoid the previous orders of payment and were a further extension of her non-meritorious litigation with the husband. The court thereupon awarded the husband the fees.
Section 61.16, Florida Statutes (1987) provides that the court may award attorney's fees and costs of "maintaining or defending any proceeding under this chapter after considering the financial resources of the parties." Clearly, the bankruptcy proceeding was not a proceeding under chapter 61. Therefore, the trial court was without authority to award fees to the husband for his unsuccessful efforts in the bankruptcy court. See In re Estate of Donner, 364 So.2d 742 (Fla. 3d DCA 1978). While we can appreciate the trial court's and the husband's frustration with some of the tactics of the wife, the trial court is nevertheless bound by the limitations of its statutory authority to award fees.
Reversed.
ANSTEAD, GUNTHER and WARNER, JJ., concur.

ON MOTION FOR CLARIFICATION
ORDERED that Appellant's January 25, 1991 motion for clarification is granted, and appellant's motion for attorney's fees filed December 29, 1989, is provisionally granted and remanded to the trial court to determine both need and the ability to pay and reasonable attorney's fees.