**In re: Orlando E. RABEIRO, Debtor,**

**Margarita V. RABEIRO, Plaintiff,**

v.

**Orlando E. RABEIRO, Defendant.**

**Bankruptcy No. 92–9743–8P7.**
**Adv. No. 92–817.**

United States Bankruptcy Court,
M.D. Florida,
Tampa.

Feb. 26, 1993.

Brian J. Almengual, Tampa, FL, for plaintiff.

Harvey Paul Muslin, Tampa, FL, for defendant.

## ORDER GRANTING DEBTOR'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEBTOR'S MOTION FOR SUMMARY JUDGMENT IN PART

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case. The matter under consideration is a Motion For Summary Judgment filed by Orlando E. Rabeiro (Debtor) in the above-captioned adversary proceeding. The Complaint filed by Margarita V. Rabeiro (Ms. Rabeiro) seeks a determination that certain specific obligations imposed on the Debtor by the Circuit Court for Hillsborough County in connection with the dissolution of the marriage of the Debtor and Ms. Rabeiro should be excepted from the overall protection of the general bankruptcy discharge by virtue of § 523(a)(5). The facts which are without dispute are as follows:

The Debtor and Ms. Rabeiro were married until June 2, 1992, when the Circuit Court for Hillsborough County entered a Final Judgment dissolving the marriage. The Final Decree (Decree) provided, *inter alia,* extensive and specific property settlement and allocation of non-marital assets, and $810.60 per month child support to be paid by the Debtor to Ms. Rabeiro. However, Ms. Rabeiro's request for permanent alimony was expressly denied. The Decree also provided for "equitable distribution of the parties' marital liabilities," (sic) which required the Debtor to pay the following obligations incurred by the parties during the marriage:

(1) Past due federal income taxes for years 1989–1991;

(2) Discover account;

(3) Loan against Metropolitan Life Insurance policy;

(4) VISA Account

(5) MasterCard Account.

The Decree also provided that the payment of these obligations shall be the *sole* responsibility of the Debtor who shall hold his spouse harmless for these debts.

Based on these undisputed facts, especially the fact that the Decree denied Ms. Rabeiro's request for alimony and the fact that the Debtor's obligation to pay the joint taxes and some of the other joint liabilities was described by the Circuit Court as "equitable distribution of the parties' marital liabilities," the Debtor contends that his obligations are clearly not in the nature of alimony, maintenance and support and, therefore, are dischargeable. In support of his Motion, the Debtor contends that based on the doctrine of collateral estoppel, this Court is bound to accept the findings and conclusions set forth in the Decree, and it is unnecessary to conduct any further inquiry into the true nature of the character of these liabilities.

The doctrine of collateral estoppel, also currently referred to as "issue preclusion," prohibits the relitigation of an issue which was already litigated and determined by a court of competent jurisdiction. *See, Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). It is clear that dischargeability, *vel*

*non,* of the obligation of the Debtor under § 523(a)(5) is an issue which can be determined by the Circuit Court or by this Court, unlike the exceptions to discharge set forth in § 523(a)(2), (4), and (6), for which this Court's jurisdiction is exclusive. Moreover, there is hardly any question that if the matter under consideration was presented again to the Circuit Court which dissolved the marriage, the result would be consistent with the Decree which stated that the obligations imposed on the Debtor were equitable distribution of the parties' marital liabilities. The fact that this issue is now presented for this Court's consideration is of no consequence, as the result would be the same. Therefore, this Court is satisfied that the Plaintiff is bound by the determination of the Circuit Court.

This Court is aware of the long line of cases which hold that the nature and character of an obligation imposed on a spouse in connection with the dissolution of a marriage is a federal question and labels are not controlling. These cases found that the character of the liability must be determined by the Bankruptcy Court through an appropriate analysis of the underlying facts and not by the labels placed on it by the Circuit Court which dissolved the marriage. However, these principles are not applicable in the present instance because this dissolution proceeding was fully considered by the Circuit Court and, therefore, its specific findings should not be disturbed. For this reason, this Court is satisfied that there are no genuine issues of material fact and the Debtor is entitled to a Partial Motion for Summary Judgment limited to the equitable distribution of the parties' marital liabilities but denied as to the provision of the Decree which awarded child support.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Debtor is granted in part, and the debt due and owing by the Debtor on the parties' marital liabilities be, and is hereby, declared to be dischargeable. It is further

ORDERED, ADJUDGED AND DECREED that Motion for Summary Judgment filed by the Debtor is denied in part, and the debt due and owing by the Debtor to Ms. Rabeiro for child support be, and is hereby, declared to be nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code.

DONE AND ORDERED.