631 So.2d 327 (1994)
Charles E. FORTNER, Appellant,
v.
Gera M. FORTNER, Appellee.
No. 93-00597.
District Court of Appeal of Florida, Second District.
January 28, 1994.
Carla M. Townsend of Robinson, Steagall, Bornstein, Govan, Burns & Hornbeck, St. Petersburg, for appellant.
David B. McEwen of David B. McEwen, P.A., St. Petersburg, for appellee.
ALTENBERND, Judge.
Mr. Fortner appeals an award of attorney's fees to his former wife. She incurred the fees while establishing in bankruptcy court that Mr. Fortner's bankruptcy did not discharge his obligation to pay her alimony or support. We agree with the trial court that it made no difference whether Mrs. Fortner chose to litigate this issue of discharge in state court or in bankruptcy court. In either forum, the attorney's fees were incurred in an enforcement proceeding "under" chapter 61, and the trial court had the authority to award attorney's fees pursuant to section 61.16, Florida Statutes (1991).
Mr. and Mrs. Fortner divorced in 1990. During mediation, they agreed that Mr. Fortner would pay Mrs. Fortner child support. He also agreed to pay Mrs. Fortner $3,850 over a period of twelve months. The *328 final judgment of dissolution incorporated the terms of the stipulation.
In March 1991, Mr. Fortner filed bankruptcy and sought to discharge the $3,850 debt owed to his former wife. Mrs. Fortner filed an adversary proceeding in the bankruptcy proceeding to establish that the debt was alimony or support, and was not dischargeable pursuant to 11 U.S.C. § 523(a)(5) (1988). The bankruptcy court heard the matter and ruled in favor of Mrs. Fortner. That court found Mr. Fortner owed the $3,850 debt to Mrs. Fortner for expenses paid on behalf of the child.
Mrs. Fortner then filed an enforcement action in state court requesting that her former husband be held in contempt for willful failure to pay the support award. She also requested fees for the bankruptcy proceeding. The trial court held Mr. Fortner in contempt and awarded Mrs. Fortner attorney's fees of approximately $6,000.
Mr. Fortner argues that the trial court lacked statutory authority to award fees for the adversary proceeding in bankruptcy court. Section 61.16, Florida Statutes (1991), authorizes an award of attorney's fees in an "enforcement" proceeding "under" chapter 61. He maintains that an adversary proceeding in bankruptcy court can never be a proceeding "under" chapter 61. We disagree.
Although some obligations between former spouses are dischargeable in bankruptcy, a debt to a spouse for child support or alimony is not dischargeable. 11 U.S.C. § 523(a)(5) (1988). Unlike many other debts, alimony and support are not automatically discharged in the absence of an objection by the creditor. See 11 U.S.C. § 523(c) (1988). Instead, it is now well-established that both bankruptcy court and state court have concurrent jurisdiction to determine whether the debt is a non-dischargeable obligation in the nature of alimony. In re Rabeiro, 151 B.R. 965 (Bankr.M.D.Fla. 1993); In re Orr, 99 B.R. 109 (Bankr.S.D.Fla. 1989). Thus, Mrs. Fortner had the option of filing her petition to determine the nature of this debt in either court.
Mr. Fortner admits that he would be obligated to pay fees if the issue of discharge had been litigated in state court in an enforcement proceeding. He argues that a different result is necessary simply because his spouse decided to resolve the issue in bankruptcy court.
When such concurrent jurisdiction exists, an attempt to collect overdue alimony does not cease to be an enforcement proceeding under chapter 61 merely because a party selects a federal forum rather than a state forum to resolve the issue of discharge. Under these circumstances, either jurisdiction is invoked to enforce rights to alimony under a chapter 61 final judgment. Accordingly, the trial court properly granted Mrs. Fortner's request for attorney's fees concerning the issue of discharge.
In so ruling, we distinguish several cases relied upon by Mr. Fortner. In Berger v. Berger, 573 So.2d 952 (Fla. 4th DCA 1991), the Fourth District reversed an order awarding attorney's fees to the husband for his unsuccessful attempt to challenge his former wife's bankruptcy. Mrs. Berger filed a chapter 13 proceeding after a trial court entered a judgment for attorney's fees against her because she had filed a meritless petition to modify custody. The bankruptcy court held that the judgment for attorney's fees was dischargeable and could be altered in the bankruptcy plan. In a subsequent state court proceeding, the court awarded fees to the husband's attorney under section 61.16 for his appearance in the wife's bankruptcy case. While those facts are similar to this case, Berger's attorney was not attempting to prevent the discharge of an award of alimony or support over which two courts had concurrent jurisdiction. He was challenging the terms of a chapter 13 plan in the only court with jurisdiction over that issue. Thus, although the bankruptcy affected legal rights established in a divorce proceeding, the issues in the bankruptcy proceeding were unique to that forum and were not comparable to issues that can be resolved in a state court enforcement action under chapter 61.
In Winner v. Winner, 376 So.2d 924 (Fla. 3d DCA 1979), the Third District denied attorney's fees for an appellate proceeding, *329 not because the appeal was outside chapter 61, but because the attorney had failed to make a timely request under Florida Rule of Appellate Procedure 9.400(b). In re Estate of Donner, 364 So.2d 742 (Fla. 3d DCA 1978), involved the denial of a fee to a former wife in her former husband's probate proceeding. She prevailed on a breach of contract theory. The proceeding was not an action to enforce a final judgment of dissolution. Accordingly, fees under chapter 61 were not appropriate. In Fisher v. Fisher, 318 So.2d 434 (Fla. 3d DCA 1975), an attorney reviewed an antenuptial agreement and did other research for the wife prior to the husband filing for divorce. The attorney did not represent the wife during the divorce proceeding. Because the attorney had never been involved in any proceeding and his work was regarded as "peripheral," he was not entitled to fees under section 61.16.
In Battista v. Battista, 585 So.2d 459 (Fla. 1st DCA 1991), the final judgment of dissolution created a tenancy in common concerning the marital home. In a subsequent action for declaratory relief, a trial court determined that the husband was not entitled to rent from the wife after the minor child ceased to live with the wife. The First District held that the declaratory action was an action merely to enforce legal rights between tenants in common concerning a dispute that arose after dissolution and was not an action under chapter 61 to enforce the unfulfilled terms of a divorce decree.
In contrast, Kass v. Kass, 560 So.2d 293 (Fla. 4th DCA 1990), involved attorney's fees for civil litigation in conjunction with a pending divorce. The companion lawsuits to the divorce proceeding involved entities that were wholly-owned and controlled by the husband. Although the issues were resolved in separate proceedings, the trial court determined that they were so intertwined that the fees could all be regarded as fees incurred under chapter 61. Likewise, the issue whether the debt to the wife was dischargeable in this case was intertwined within the concurrent jurisdictions of the two courts. The right to attorney's fees under section 61.16 should not depend upon the courtroom in which the twine is unraveled.
Affirmed.
DANAHY, A.C.J., and CAMPBELL, J., concur.