PADOVANO, J.
The defendant, Johnny Lee Nobles, appeals his conviction for jury tampering. He contends that the evidence was insufficient to support a conviction under section 918.12, Florida Statutes, because the juror he allegedly threatened was merely a prospective juror who had not been selected to serve in his case. We conclude that section 918.12 prohibits an attempt to influence a member of the jury venire as well as a member of the jury panel ultimately selected to try the case. Therefore, we affirm.
As a part of his preparation for trial on a drug charge, the defendant obtained a list of the prospective jurors. He recognized the name Sherri Jones as a person he had gone to high school with and had dated. On November 1, 1998, the day before the trial in the drug case, the defendant encountered Jones in a convenience store and asked her to do him a favor. The defendant asked Jones to say that she did not know him and, if selected on the jury, to vote to find him not guilty. He then told Jones that it would be in her best interest to do as he had asked.
*1065 Based on these facts, the state charged the defendant with jury tampering in violation of section 918.12, Florida Statutes. When this charge proceeded to trial, Sherri Jones was the principal witness for the state. Jones gave an account of her conversation with the defendant in the convenience store, and testified that she felt as though the defendant was threatening her.
At the close of the state’s case, the defendant moved for a judgment of acquittal on the ground that the evidence of his encounter with Sherri Jones was insufficient to support a conviction for jury tampering. He argued that he could not be convicted of threatening a juror, because Jones never served as a juror in his case. This argument was rejected. The trial court concluded that the crime of jury tampering can be proven by evidence that a defendant attempted to influence a prospective juror. Defense witnesses contested Sherri Jones’ version of her encounter with the defendant in the convenience store, but the jury found the defendant guilty as charged. Following his sentencing, the defendant filed a timely notice of appeal to this court.
The controlling issue on appeal is whether the legislature used the term “juror” in section 918.12, Florida Statutes to refer only to a person who has been chosen to decide a case, or whether it employed the term in a broader sense as a reference to a person who has received a jury summons and therefore might be selected to decide a case. To resolve this question we look first to the language of the statute itself. See State v. Dugan, 685 So.2d 1210 (Fla.1996); Miele v. Prudential-Bache Sec., Inc., 656 So.2d 470 (Fla.1995). Section 918.12 does not purport to define the class of persons who qualify as jurors, but it is clear from the language of the statute as a whole that the proscription against jury tampering applies with equal force to prospective jurors.
Section 918.12, Florida Statutes expressly prohibits an attempt to threaten or influence any person who has been summoned for jury duty and might be called upon to serve on a jury. According to the statute:
Any person who influences the judgment or decision of any grand or petit juror on any matter, question, cause, or proceeding which may be pending, or which may by law be brought, before him or her as such juror, with intent to obstruct the administration of justice, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.088, or s. 775.084.
By its terms, the statute proscribes not only an attempt to threaten or influence a person serving as a juror in a pending case, but also in any matter “which may by law be brought, before [that person] as a juror.” Because a case might be brought before any person who receives a summons to report for jury duty during the period of time in which the case is scheduled for trial, we conclude that the term “juror” necessarily refers to prospective jurors as well as active jurors.
This conclusion is supported by related statutory provisions in Chapter 40, Florida Statutes. For example, section 40.28(1), states, “The clerk of the court shall generate a venire as prescribed in s. 40.221 and shall summon the persons named in such venire to attend court as jurors.... ” In this statute, the term “juror” is applied to all persons who are part of the jury venire. Likewise, section 40.24(2) provides that “|j]uror service constitutes being summoned and reporting for jury service as well as actual service on a jury.” Here again, the phrase “jury service” is used to refer not only to service on a jury, but also to the act of reporting for jury duty.
The protection afforded to jurors under the law has never been limited to those who are ultimately chosen to serve on a jury. This point is best illustrated in the opinion of the supreme court in Baumgartner v. Joughin, 105 Fla. 335, 141 So. 185, 187-188 (1932). There, the court concluded that an attempt to influence a prospec *1066 tive juror could be punished by contempt. As the court explained:
... [Whatever tends to obstruct the due administration of justice in the courts, by bringing undue influences or temptations or corruption to bear upon those who are likely to be selected for duty on juries, is an act calculated to obstruct the fair and impartial trial of jury cases in the courts, and as such, is a direct obstruction to the proper administration of justice which is punishable as a contempt.
Tampering with a member of a general jury panel, or with members of a jury panel selected to try a case, or with prospective jurors before they are sworn, is universally regarded as a contempt of court to the same extent as tampering with jurors actually sitting in the trial of a case.
(emphasis supplied). Our system of justice is impaired by a threat to a potential juror in the same way that it is impaired by a threat to a juror who is seated on a jury panel. In either case, the party making the threat is attempting to gain an unfair advantage by obstructing the process.
We acknowledge the rule that a penal statute must be strictly construed in favor of the accused, but despite this rule, no statute should be construed so as to defeat the intention of the legislature. See Deason v. Florida Dep’t of Corrections, 705 So.2d 1374 (Fla.1998); Lincoln v. Florida Parole Comm’n, 643 So.2d 668 (Fla. 1st DCA 1994). Moreover, the courts have a duty to interpret a statute in the most logical and sensible way and to avoid an interpretation that produces an unreasonable consequence. See Wakulla County v. Davis, 395 So.2d 540 (Fla.1981); Williams v. State, 492 So.2d 1051 (Fla.1986).
The narrow interpretation offered by the defendant runs afoul of these principles, because it would require us to apply the statute in a way that would subvert its very purpose. If we were to adopt the defendant’s view of the statute, an unscrupulous person could threaten all of the citizens on the jury venire with impunity as long as the threats ceased at some point before a jury is selected. Justice would be obstructed and a tainted jury would be seated, yet there would be no recourse. This would be an unreasonable construction of the statute.
For these reasons, we conclude that the proscription against jury tampering in section 918.12, Florida Statutes applies to prospective jurors as well as to jurors in active service on a jury panel. The evidence in this case was sufficient to show that the defendant threatened a prospective juror who had been summoned for jury duty and might have been called to serve as a juror in his case. Therefore, we conclude that the trial court correctly denied the defendant’s motion for judgment of acquittal.
Affirmed.
JOANOS and BROWNING, JJ., CONCUR.