835 So.2d 1217 (2003)
STATE of Florida, Appellant/Cross-Appellee,
v.
Leroy WALDRON, Appellee/Cross-Appellant.
No. 5D02-1194.
District Court of Appeal of Florida, Fifth District.
January 24, 2003.
*1218 Charlie Crist, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellant/Cross-Appellee.
James B. Gibson, Public Defender, and Jane C. Almy-Loewinger, Assistant Public Defender, Daytona Beach, for Appellee/Cross-Appellant.
COBB, W., Senior Judge.
The State appeals from a sentence[1] arguing that the trial court erred in imposing a sentence which is not in accordance with the 10/20/Life statute, section 775.087(2)(a)3., Florida Statutes.
The defendant was found guilty of aggravated battery with a deadly weapon or causing great bodily harm with the special finding that he used a firearm and discharged said firearm resulting in death or great bodily harm to the victim. At sentencing, the scoresheet called for a sentencing range of between 51 months and 15 years. The State called the court's attention to section 775.087(2)(c), Florida Statutes (2001), and argued that because the jury made the special finding that the defendant used and discharged a firearm resulting in great bodily harm, the 25 year minimum mandatory of the "10/20/Life" statute must be imposed. The trial court disagreed and sentenced the defendant to 15 years imprisonment, the statutory maximum for a second degree felony (§ 775.082(3)(c), Fla. Stat.) consecutive to a sentence imposed in another case, with a three year minimum mandatory. We reverse.
Section 775.087(2)(a)3., Florida Statutes (2001), the "10/20/Life" statute, provides that a person convicted of one of the enumerated felonies (which includes aggravated battery) who discharges a firearm during the commission of the felony and as a result of the discharge, death or great bodily harm is inflicted upon any person, shall be sentenced to a minimum term of imprisonment of 25 years to life. Section 775.087(2)(c) specifically provides:
If the minimum mandatory terms of imprisonment imposed pursuant to this section exceed the maximum sentences authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the mandatory minimum sentence must be imposed. If the mandatory minimum terms of imprisonment *1219 pursuant to this section are less than the sentences that could be imposed as authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the sentence imposed by the court must include the mandatory minimum term of imprisonment as required in this section.
The State points out that the maximum sentence authorized under the Criminal Punishment Code based on the defendant's scoresheet is 15 years. Since the minimum mandatory term of imprisonment under section 775.087(2)(a)3. was 25 years, the State contends the 25 year sentence had to be imposed.
The defendant's position is that several statutes govern sentencing in this case, sections 775.087(2)(a)3., (2)(c) and 775.087(2) and that the trial court correctly read the statutes in pari materia in determining that the "10/20/Life" statute represents the maximum prison time that the defendant could receive for the offense and that the 15 year sentence with the three year minimum mandatory was the minimum prison sentence and so sentenced him.
The defendant is correct that courts are obligated to adopt an interpretation that harmonizes related statutes while giving effect to each. Jones v. State, 813 So.2d 22 (Fla.2002); State v. Drury, 829 So.2d 287 (Fla. 1st DCA 2002) (trial court has discretion to sentence defendant as youthful offender rather than under 10/20/Life statute where latter enactment did not contain any language which superseded the Youthful Offender Act). However, the way to do that in the instant case is to give effect to subsections 775.087(2)(a)3. and (2)(c) where the defendant did not simply use a firearm in the commission of the aggravated battery but rather discharged the firearm and as a result of the discharge death or great bodily harm was inflicted upon the victim. Here the jury expressly found that the defendant discharged the firearm resulting in death or great bodily harm to the victim. The Legislature intended to punish a miscreant more severely where his use of a firearm results in death or great bodily harm. The Legislature chose the "10/20/Life" legislation to do this and the courts are bound to follow this law. See Nelson v. State, 811 So.2d 761 (Fla. 4th DCA 2002); Navarrete v. State, 707 So.2d 803 (Fla. 1st DCA 1998).
REVERSED AND REMANDED FOR RESENTENCING.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] See Fla. R.App. P.9.140(c)(1)(K).