ON MOTION FOR REHEARING

STEVENSON, J.
We deny appellant’s motion for rehearing, but withdraw our opinion filed on February 5, 2003, and substitute the following in its place.
Amos L. Garner[1] was tried by jury and convicted of first degree arson. We have considered the issues raised on appeal and find no reversible error. We write only to address the issue of whether a person detained in a Jimmy Ryce facility, upon completing a prison term, may be sentenced as a prison releasee reoffender. See § 775.082(9), Fla. Stat. (1999). Because Jimmy Ryce facilities are not correctional facilities, and are intended to be long-term treatment facilities, we conclude that a person transferred to a Jimmy Ryce facility is a “prison releasee,” pursuant to section 775.082(9)(a)l.
On February 7, 1999, Amos Garner was released from the custody of the Department of Corrections after serving a lengthy prison term on four cases. Garner was then released to the custody of the *925 Department of Children and Families under the Jimmy Ryce Act of 1998.
While at the Jimmy Ryce facility, Garner had an altercation with another detainee. As a result of the incident, Garner was placed in a room for time out, while the other detainee was not. Employees subsequently smelled smoke coming from the room and witnessed Garner setting his shirt and magazines on fire. Garner threatened to burn down the facility if he was not immediately released from the room. Garner was later charged with, and found guilty of, first degree arson of a normally occupied building. He was sentenced as a prison releasee reoffender to thirty years in prison.
Garner argues that he should not have been sentenced as a prison releasee reof-fender because, for all practical purposes, he was never “released” upon completing his prison term, but was simply transferred from one state correctional facility to another. Garner points out that the Jimmy Ryce facility to which he was released is physically located -within the grounds of the South Bay Correctional Institution, a DOC facility.
In order to sentence Garner as a prisoner releasee reoffender, the State had to show that Garner committed the crime of “arson” “within 3 years of being released from a state correctional facility operated by the Department of Corrections or a private vendor.” § 775.082(9)(a)l. Jimmy Ryce facilities are operated by the Department of Children and Families, not the Department of Corrections, and are separate and apart from facilities operated by the Department of Corrections. Section 394.917(2), Florida Statutes (1999), provides that:
If the court or jury determines that the person is a sexually violent predator, upon the expiration of the incarcerative portion of all criminal sentences and disposition of any detainers ..., the person shall be committed to the custody of the Department of Children and Family Services for control, care, and treatment until such time as the person’s mental abnormality or personality disorder has so changed that it is safe for the person to be at large. At all times, sexually violent predators who are committed for control, care, and treatment by the Department of Children and Family Services under this section shall be kept in a secure facility segregated from patients who are not committed under this section.
In addition, section 394.929 provides that “[t]he Department of Children and Family Services is responsible for all costs relating to the evaluation and treatment of persons committed to the department’s [Department of Children and Families] custody as sexually violent predators.” See also § 394.9135(1), Fla. Stat. (1999)(“If the anticipated release from total confinement of a person who has been convicted of a sexually violent offense becomes immediate for any reason, the agency with jurisdiction shall upon immediate release from total confinement transfer that person to the custody of the Department of Children and Family Services to be held in an appropriate secure facility.”).
Further, Jimmy Ryce facilities are not the same as correctional facilities. Chapter 944, the Florida Corrections Code, defines a “State correctional institution” as “any prison, road camp, prison industry, prison forestry camp, or any prison camp or prison farm or other correctional facility, temporary or permanent, in which prisoners are housed, worked, or maintained, under the custody and jurisdiction of the department.” § 944.02(6), Fla. Stat. (1999)(emphasis added). A “Prisoner” is defined as “any person who is under arrest and in the lawful custody of any law enforcement official, or any person convicted and sentenced by any court and committed to any municipal or county jail or state *926 prison, prison farm, or penitentiary, or to the custody of the department, as provided by law.” § 944.02(5). A private correctional facility is defined by statute as “any facility, which is not operated by the department [Department of Corrections], for the incarceration of adults or juveniles who have been sentenced by a court and committed to the custody of the department.” § 944.710(3), Fla. Stat. (1999).
By definition then, a state correctional facility houses “prisoners” and a private correctional facility houses persons who have been sentenced by a court and committed to the Department of Corrections. Garner was not a prisoner within the meaning of section 944.02(5). Garner was also not being detained by a private correctional facility since he was not sentenced by a court and was not committed to the custody of the Department of Corrections. Rather, Garner was in the custody of the Department of Children and Families. The statutory scheme indicates that it was not the legislature’s intent to equate Jimmy Ryce facilities with correctional facilities — state or private. On the contrary, Jimmy Ryce facilities are more in the nature of long-term treatment facilities for sexually violent predators. See § 394.910, Fla. Stat. (1999).
Lastly, we cannot agree that the fact that the Jimmy Ryce facility in question is physically located within the grounds of a correctional facility is significant. Although the facility is on the grounds of South Bay Correctional Institution, it is located in a separate building managed by a private vendor under contract with the Department of Children and Families.
AFFIRMED.
KLEIN and TAYLOR, JJ., concur.

. The court would note that throughout the record, appellant's name is listed as both Amos L. Garner and Amos L. Gardner; the Department of Corrections and the final judgment refer to appellant as Amos L. Gardner.