869 So.2d 1242 (2004)
STATE of Florida, Appellant,
v.
Clifford BURKHART, Appellee.
No. 4D03-751.
District Court of Appeal of Florida, Fourth District.
March 31, 2004.
Rehearing Denied May 4, 2004.
*1243 Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellant.
Michael R. Dutko of Bogenschultz & Dutko, P.A., Fort Lauderdale for appellee.
TAYLOR, J.
The sole question posed by this appeal is whether escape from a Jimmy Ryce facility is subject to the mandatory minimum penalties of the "10/20/Life" statute, section 775.087 (1999). The state appeals from the trial court's failure to impose a ten-year minimum term of imprisonment following appellee's no contest plea to escape from a Jimmy Ryce facility while possessing a firearm. We reverse and remand for re-sentencing.
The facts are undisputed. Stephen Whitsett was involuntarily civilly committed to a Jimmy Ryce Act facility for sexual predators. Whitsett contacted Clifford Burkhart from the facility and convinced Burkhart to break him out. Burkhart rented a helicopter and flew it into the facility, but as the helicopter started to lift off with the two men it crashed. Both Whitsett and Burkhart fled on foot. Investigators found an empty holster in the crashed helicopter.
The next day Whitsett and Burkhart were captured at gunpoint in a canal, in an encounter which required the officer to fire two warning shots. The two men admitted dropping two pistols in the canal. Two 9 mm pistols and three magazines were found in the canal, fully loaded with 30 rounds of ammunition.
The amended information charged Burkhart as a principal with Escape While in Lawful Custody under Florida Statutes, section 394.927, and Grand Theft of the helicopter.
The state argued that Burkhart should be sentenced to a minimum term of ten years under the 10/20/Life statute, based on his possession of a firearm during the escape. The trial court rejected this argument, reasoning that if the legislature had intended to include escape from a Jimmy Ryce facility in the 10/20/Life statute, it *1244 would have done so expressly. After the court declined to impose the ten-year mandatory minimum, Burkhart entered a plea of nolo contendere and was sentenced to four years imprisonment, followed by ten years probation. This appeal followed.
Judicial interpretation of a Florida statute is purely a legal question and, as such, is subject to de novo review. Racetrac Petroleum, Inc. v. Delco Oil, Inc., 721 So.2d 376, 377 (Fla. 5th DCA 1998).
Section 775.085, Florida Statutes, known as the "10/20/Life" statute, took effect July 1, 1999. It provides in pertinent part that any person convicted of an enumerated felony, who, during the commission of the offense, possessed a firearm, "shall be sentenced to a minimum term of imprisonment of 10 years." Among the enumerated felonies is "[e]scape." Fla. Stat. § 775.087(2)(a)1 i.
In Nelson v. State, 811 So.2d 761, 763 (Fla. 4th DCA 2002), we summarized the legislative purpose of this statute, as follows:
In Chapter 99-12, Laws of Florida (1999), the session law creating section 775.087(2), the legislature noted that Florida ranks as one of the most violent states in the nation and that "criminals who use guns during the commission of violent crimes pose an increased danger to the lives, health, and safety of Florida's citizens." The legislature went on to state that the intent of the enactment of section 775.087 was to ensure that offenders who use guns to commit violent crimes would receive longer mandatory prison terms than provided in the then-current law, "effectively incapacitat[ing] the offender, prevent[ing] future crimes, and reduc[ing] violent crime rates." Id.

In this appeal we must determine whether the legislature, in listing "escape" as a violent crime triggering the ten-year minimum sentence for possession of a firearm, intended to include escape from a Jimmy Ryce facility in that enumerated offense category.
Florida's primary escape statute, Fla. Stat. section 944.40, makes it a felony of the second degree for a prisoner to escape or attempt to escape from any penal institution. However, sexually violent predators detained under the Jimmy Ryce Act are not prisoners and Jimmy Ryce facilities are not correctional facilities, but, rather, are considered long-term treatment facilities. See Garner v. State, 839 So.2d 924, 926 (Fla. 4th DCA 2003).
To cover escapes or attempted escapes from such facilities, the legislature created a special escape statute within Chapter 394. Section 394.927, Florida Statutes, effective January 1, 1999, provides in pertinent part:
(1) A person who is held in lawful custody pursuant to a judicial finding of probable cause under s. 394.915 or pursuant to a commitment as a sexually violent predator under s. 394.916 and who escapes or attempts to escape while in such custody commits a felony of the second degree....
Burkhart was charged with escape under section 394.927. In determining whether a violation of this particular escape statute is an "escape" within the meaning of the 10/20/Life statute, we look to canons of statutory construction. "One of the most fundamental tenets of statutory construction requires that we give statutory language its plain and ordinary meaning, unless words are defined in the statute or by the clear intent of the legislature." Seagrave v. State, 802 So.2d 281, 286 (Fla.2001)(quoting Green v. State, 604 So.2d 471, 473 (Fla.1992)). "Escape" is a commonly understood term that means to "break loose from confinement." The *1245 American Heritage Dictionary Second College Edition 464 (1982). The plain and ordinary meaning of the term "escape" would clearly encompass the defendant's conduct in this case.
Another rule of statutory construction is that courts read statutes in pari materia, harmonizing them and giving effect to each. State v. Waldron, 835 So.2d 1217, 1218 (Fla. 5th DCA 2003); State v. Negrin, 306 So.2d 606, 607 (Fla. 1st DCA 1975). The state calls our attention to the contrasting language of the habitual offender statute, section 775.084(1)(d), Florida Statutes, which defines a "violent career criminal" as having committed three offenses from a list of offenses, which includes "[e]scape, as described in s. 944.40." The state aptly argues that if the legislature had intended to limit escapes to escapes from prison for purposes of the 10/20/Life statute, it would have added the words "as described in s.944.40" to the general term "escape," as it did in the habitual offender statute. The legislature's failure to so limit "escape" suggests that the legislature intended the term to have a broader meaning.
We also find it significant that escape from a Jimmy Ryce facility was already a crime before the substantial amendments creating the 10/20/Life provisions were adopted in 1999. Had the legislature intended to exclude escapes from Jimmy Ryce facilities, it would have been a simple matter for it to have done so at that time.
While ambiguity in a statute must ordinarily be resolved in favor of a criminal defendant, this construction should not be so strict as to "emasculate the statute and defeat the obvious intention of the legislature." State v. Nunez, 368 So.2d 422, 423-24 (Fla. 3d DCA 1979); see also Nobles v. State, 769 So.2d 1063, 1066 (Fla. 1st DCA 2000). We can find no indication that the legislature was less concerned with the use of a firearm in an escape from a Jimmy Ryce facility than with the use of a firearm in an escape from a prison.
Because the language used is facially broad enough to encompass an escape from a Jimmy Ryce facility and the legislative purpose is fully implicated by such an escape, we hold that the term "escape" used in the 10/20/Life statute extends to escapes from such facilities.
Accordingly, we reverse the sentence imposed and remand for re-sentencing.
REVERSED and REMANDED.
FARMER, C.J., and GUNTHER J., concur.