937 So.2d 1211 (2006)
Mark MARKS and Beatrice Marks, Appellants,
v.
STATE of Florida, DEPARTMENT OF LEGAL AFFAIRS, Appellee.
No. 4D05-3581.
District Court of Appeal of Florida, Fourth District.
September 20, 2006.
*1213 Irene Porter of Hicks & Kneale, P.A., Miami, for appellants.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeffrey M. Dikman, Assistant Attorney General, West Palm Beach, for appellee.
*1212 POLEN, J.
Appellants, Mark Marks and his wife, Beatrice Marks ("the Markses") appeal a final order denying their motion for criminal attorney's fees and costs pursuant to section 895.05(7), Florida Statutes. The Department of Legal Affairs (DLA) instituted a civil RICO action against the Markses, and the State also instituted a parallel criminal RICO action against Mark Marks. The DLA obtained a lis pendens against the Markses' property, which was owned by the Markses as tenants by the entireties. In 1990, due to the State's representation that the criminal trial was imminent, the DLA obtained a stay in the civil RICO action while awaiting the outcome of the criminal trial. The criminal RICO action never went to trial, dragging on for thirteen years, and through several appeals before this court, until its ultimate dismissal by the trial court. The DLA then filed a voluntary dismissal of the civil RICO action, and the Marks made a motion for attorney's fees, pursuant to section 895.05(7), Florida Statutes, both for the civil RICO action and for the criminal RICO action. The trial court granted the motion as to the civil RICO action, but denied it as to the criminal RICO action. We affirm.
This case is governed by subsections 895.05(5) and (7), Florida Statutes. Chapter 895 is Florida's RICO act and authorizes both civil and criminal RICO actions. "The construction of a statute is an issue of law subject to de novo review." Aramark Uniform & Career Apparel, Inc. v. Easton, 894 So.2d 20, 23 (Fla.2004). "Courts must determine legislative intent from the plain meaning of the statute." Id. Section 895.05(7), governing civil RICO actions, states, in relevant part:
The Department of Legal Affairs, any state attorney, or any state agency having jurisdiction over conduct in violation of a provision of this act may institute civil proceedings under this section. In any action brought under this section, the circuit court shall proceed as soon as practicable to the hearing and determination. Pending final determination, the circuit court may at any time enter such injunctions, prohibitions, or restraining orders, or take such actions, including the acceptance of satisfactory performance bonds, as the court may deem proper.
The defendant shall be entitled to recover reasonable attorneys' fees and court costs upon a finding that the claimant raised a claim which was without substantial factual or legal support.
§ 895.05(7), Fla. Stat. There is no counterpart provision awarding attorney's fees in the statutes governing criminal RICO actions.
In this case, the trial court found that the civil RICO action was raised without substantial factual or legal support, and awarded the Markses attorney's fees. Beatrice Marks was never accused of any wrongdoing, and since the Markses' property was owned as a tenancy by the entireties, the trial court determined that the DLA knew or should have known that its lawsuit was not viable. Not content with being awarded attorney's fees for the civil case, the Markses asserted that they should also be awarded attorney's fees in the criminal RICO action. The Markses asserted that had the DLA not obtained a stay in the civil RICO action, that litigation *1214 would have gone forward and some of the issues in the criminal RICO action would have been resolved via the civil action. The Markses assert that the DLA was acting in concert with the State by forcing them to litigate all issues in the criminal area and by sharing discovery in the cases, and therefore, they should be awarded attorney's fees for at least some of the attorney's fees incurred in the criminal RICO action.
At the outset, it is imperative that we point out that the DLA and the State Attorney's office are two separate entities, created under separate articles of the Florida constitution. The DLA is an agency under the Attorney General's office, which is created under the Executive Branch, and the State Attorney's office is created under the Judicial Branch. See Art. IV, § 4, Art. V, § 17, Fla. Const. We find that the fact that the two agencies were sharing discovery does not destroy the separate nature of each agency. Even if the two were considered one and the same for purposes of this appeal, the DLA would be afforded the same quasi-judicial immunity from payment of criminal fees as the State is afforded. See Office of State Attorney v. Parrotino, 628 So.2d 1097, 1099 (Fla.1993) ("judicial and prosecutorial immunity in Florida long have existed apart from sovereign immunity," and this immunity cannot be waived by the Legislature). Further, while the Marks argue that the stay in this case was wrongfully obtained by the DLA, at no point during the thirteen year pendency of the criminal action did the Marks petition for a writ of certiorari in this court to have the stay removed, or return to the trial court to ask that the stay be vacated.
Moreover, there is no statutory provision that would allow the Markses to recover, from the DLA, attorney's fees incurred in defending a criminal case instituted by the State Attorney's office, regardless of the validity of either case. The Markses fail to point to any case law to support their contention, and section 895.04, Florida Statutes, which controls criminal RICO actions, makes no provision for recovery of attorney's fees. We find the Legislature clearly intended that reasonable attorney's fees be recovered in meritless civil forfeiture actions, but not in criminal actions. "When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." Blanton v. City of Pinellas Park, 887 So.2d 1224, 1230 (Fla.2004). "[C]ourts read statutes in pari materia, harmonizing them and giving effect to each." State v. Burkhart, 869 So.2d 1242, 1245 (Fla. 4th DCA 2004). If the Legislature intended a party to recover attorney's fees recovered in a criminal forfeiture action, such intention would be laid out in the statute. See Dade County v. Pena, 664 So.2d 959, 960 (Fla.1995) (quoting Gershuny v. Martin McFall Messenger Anesthesia Prof'l Ass'n, 539 So.2d 1131, 1132 (Fla.1989) ("it is also a well-established rule in Florida that `statutes awarding attorney's fees must be strictly construed'")).
We find there is no statutory mandate that would allow the Markses to recover attorney's fees incurred in the defense of a criminal RICO action, and affirm the trial court's denial of such fees.
STEVENSON, C.J., and STONE J., concur.