996 So.2d 905 (2008)
Lisa Yin HIRSCHENSON, Appellant,
v.
Alan HIRSCHENSON, Appellee.
No. 4D08-41.
District Court of Appeal of Florida, Fourth District.
November 26, 2008.
*906 Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., and Robert W. Schlorff, II, of Law Offices of Robert W. Schlorff, II, Fort Lauderdale, for appellant.
No appearance for appellee.
HAZOURI, J.
Lisa Hirschenson, the former wife, appeals from the trial court's final order denying her motion for attorney's fees. She asserts the trial court erred in holding it had no authority under section 61.16, Florida Statutes (2007), to award attorney's fees for services rendered in bankruptcy court against her former husband when the purpose of the bankruptcy proceeding was to enforce awards of alimony and child support. We agree and reverse.
The parties' marriage was dissolved on June 28, 2006, by a final judgment of dissolution of marriage. The former husband appealed that judgment as well as a subsequent income deduction order (case nos. 4D06-3328 and 4D06-3329). The appeals were consolidated by this court and per curiam affirmed. See Hirschenson v. Hirschenson, 988 So.2d 633 (Fla. 4th DCA 2008).
The former husband filed a Chapter 11 petition in the United States Bankruptcy Court on September 8, 2006, as a result of which this court stayed the appeals. On November 30, 2006, the former wife's bankruptcy counsel, Arthur C. Neiwirth, filed a motion in bankruptcy court for relief from the automatic stay. The motion also sought enforcement of unpaid rehabilitative alimony, child support, and attorney's fees, as well as reimbursement for certain marital expenses which the state court judge had ordered the former husband to pay. The motion requested stay relief so that the former wife could proceed in state court to enforce collection and recovery of the unpaid amounts.
The former wife's motion further alleged that she had retained Neiwirth for purposes of enforcement of the final judgment. Because of the former husband's failure to pay the various sums awarded by the state court, the former wife requested the bankruptcy court to ratify her right to pursue and enforce the provisions of the final judgment, and requested the court to grant attorney's fees and costs for the services of bankruptcy counsel in attempting to resolve and/or collect support, maintenance and alimony.
The bankruptcy court granted the former wife relief from the automatic stay to permit the appeals before this court to proceed. In addition, the bankruptcy court granted relief from the automatic stay so that the former wife could go back to state court to have that court determine whether the attorney's fees incurred by her in the bankruptcy proceeding would be chargeable to the former husband under state law. The bankruptcy court denied without prejudice the former wife's request to have it determine those fees; however, it specifically provided that:
The request of the Movant to have this Court determine attorney's fees incurred by the Movant within this proceeding against the Debtor is denied without prejudice at this time. However the Movant is granted Stay Relief, and the State Court is hereby provided full authority to determine the appropriateness of any attorney's fees claimed by the Movant with relation to her involvement in the bankruptcy proceedings through the date of this Order, the reasonableness of same, and whether same *907 should be chargeable against the Debtor pursuant to Florida law....
On July 17, 2007, the bankruptcy court entered an order which dismissed the Chapter 11 petition at the former husband's request, as well as other matters, subject to certain conditions. The final paragraph of the order stated:
5. This Court and the Circuit Court have concurrent jurisdiction over the issue of: (a) any award to Ms. Hirschenson of attorneys' fees and expenses that she has incurred in connection with the Debtor's domestic support obligations ("DSO Fees and Expenses"), and (b) enforcement of the Debtor's domestic support obligations to Ms. Hirschenson (including the payment of domestic support obligations that are in arrears, if any). This Court will leave the determination of these matters to the Circuit Court. This Order is without prejudice to Ms. Hirschenson seeking from the Circuit Court: (a) payment of any such DSO Fees and Expenses, and/or (b) enforcement of the Debtor's domestic support obligations (including the payment of domestic support obligations that are in arrears, if any).
Prior to the bankruptcy order the former wife filed a motion for attorney's fees in the circuit court. She requested fees for Neiwirth's services in the bankruptcy court as well as additional fees incurred in the state court post-judgment. The former wife's trial counsel submitted an affidavit of attorney's fees, attaching copies of his statements for services rendered. Neiwirth also submitted an affidavit with a breakdown of the services he rendered in bankruptcy court which totaled $9,522.50.
Neiwirth testified that he went to bankruptcy court on behalf of the former wife to compel the former husband to pay child support, alimony arrearages, and maintenance. The former husband's income stream is from a disability policy which under bankruptcy law may be considered exempt assets. In Chapter 11 proceedings, all revenue and income of a debtor from whatever source becomes an asset of the bankruptcy estate. Although marital obligations are not dischargeable in bankruptcy, it requires affirmative action to preserve that non-dischargeability.
In the trial court's final order on the former wife's motion for attorney's fees, it concluded that the former husband had the ability to pay and the former wife was in need. It awarded the former wife fees for post-judgment services and for the defense of the former husband's appeal, but did not award the attorney's fees involved in the bankruptcy proceedings, relying upon this court's decision in Berger v. Berger, 573 So.2d 952 (Fla. 4th DCA 1991).
The former wife argues that the trial court erred as a matter of law in denying her request for fees for the services of her bankruptcy counsel in securing and enforcing the alimony, child support, and other expenses which it previously awarded to her. She asserts that such fees are awardable pursuant to section 61.16, Florida Statutes.
"`The construction of a statute is an issue of law subject to de novo review.'" Marks v. State, Dep't of Legal Affairs, 937 So.2d 1211, 1213 (Fla. 4th DCA 2006) (quoting Aramark Unif. & Career Apparel, Inc. v. Easton, 894 So.2d 20, 23 (Fla.2004)). "[W]hen entitlement to attorney's fees is based on the interpretation of ... a statute, as a pure matter of law, the appellate court undertakes a de novo review." Hinkley v. Gould, Cooksey, Fennell, O'Neill, Marine, Carter & Hafner, P.A., 971 So.2d 955, 956 (Fla. 5th DCA 2007) (citing Allstate Ins. Co. v. Regar, 942 So.2d 969, 971 (Fla. 2d DCA 2006)) (citation omitted).
*908 Section 61.16, Florida Statutes (2007), provides, in pertinent part:
61.16 Attorney's fees, suit money, and costs.
(1) The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals....
In Berger, 573 So.2d 952, this court reversed an award of fees incurred by the husband in his efforts to challenge the wife's Chapter 13 bankruptcy plan. Originally, the trial court had awarded fees to the husband on the wife's meritless petition to modify custody. The wife then filed a Chapter 13 proceeding in bankruptcy court instead of paying the fees. The husband then filed a motion in bankruptcy court for relief from the automatic stay of bankruptcy. The bankruptcy court denied the motion and thereafter ruled that the fee order could be considered part of the plan. In further proceedings, and over the husband's objection, the plan was approved in the bankruptcy court.
The husband then filed a motion in the trial court requesting that the wife pay the fees which he incurred in his unsuccessful efforts in bankruptcy court. In granting his request, the "trial court found that the wife's motives in filing the Bankruptcy were to avoid the previous orders of payment and were a further extension of her non-meritorious litigation with the husband." Id. at 953. On appeal, this court concluded:
Section 61.16, Florida Statutes (1987) provides that the court may award attorney's fees and costs of "maintaining or defending any proceeding under this chapter after considering the financial resources of the parties." Clearly, the bankruptcy proceeding was not a proceeding under chapter 61. Therefore, the trial court was without authority to award fees to the husband for his unsuccessful efforts in the bankruptcy court. See In re Estate of Donner, 364 So.2d 742 (Fla. 3d DCA 1978). While we can appreciate the trial court's and the husband's frustration with some of the tactics of the wife, the trial court is nevertheless bound by the limitations of its statutory authority to award fees.
Id.
In the instant case, the former wife, in citing Fortner v. Fortner, 631 So.2d 327 (Fla. 2d DCA 1994), argues that where fees were incurred in bankruptcy proceedings for the purposes of enforcing a support or alimony award, these fees were incurred "under chapter 61" and are therefore awardable.
In Fortner, the trial court awarded attorney's fees to the former wife incurred "while establishing in bankruptcy court that Mr. Fortner's bankruptcy did not discharge his obligation to pay her alimony or support." Id. at 327. Specifically, the former husband filed for bankruptcy a year after the entry of the final judgment of dissolution. Incorporated in the judgment was a stipulation of the parties that the former husband would pay the former wife $3,850 over a period of twelve months. In his petition he sought to discharge that debt. The former wife filed for an adversary proceeding in the bankruptcy court in order to establish that the debt was alimony or support and, as such, was not dischargeable pursuant to Chapter 11. The bankruptcy court ruled in favor of the former wife, finding that the former husband still owed the $3,850 debt for expenses paid on behalf of their child.
*909 The former wife then filed a motion for contempt for the former husband's failure to pay the support, and for attorney's fees for the bankruptcy proceeding. The trial court granted both motions and awarded the former wife approximately $6,000. The former husband appealed arguing that section 61.16 was inapplicable because "an adversary proceeding in bankruptcy court can never be a proceeding `under' chapter 61." Id. at 328. The Second District disagreed holding:
Although some obligations between former spouses are dischargeable in bankruptcy, a debt to a spouse for child support or alimony is not dischargeable. 11 U.S.C. § 523(a)(5) (1988). Unlike many other debts, alimony and support are not automatically discharged in the absence of an objection by the creditor. See 11 U.S.C. § 523(c) (1988). Instead, it is now well-established that both bankruptcy court and state court have concurrent jurisdiction to determine whether the debt is a non-dischargeable obligation in the nature of alimony. In re Rabeiro, 151 B.R. 965 (Bankr. M.D.Fla.1993); In re Orr, 99 B.R. 109 (Bankr.S.D.Fla.1989). Thus, Mrs. Fortner had the option of filing her petition to determine the nature of this debt in either court.
. . .
When such concurrent jurisdiction exists, an attempt to collect overdue alimony does not cease to be an enforcement proceeding under chapter 61 merely because a party selects a federal forum rather than a state forum to resolve the issue of discharge. Under these circumstances, either jurisdiction is invoked to enforce rights to alimony under a chapter 61 final judgment. Accordingly, the trial court properly granted Mrs. Fortner's request for attorney's fees concerning the issue of discharge.
Fortner, 631 So.2d at 328. The Second District then proceeded to distinguish Berger. Id. The distinction being that in Berger, the wife was trying to have a debt for attorney's fees discharged, and in Fortner, the former husband was trying to discharge "an award of alimony or support over which two courts had concurrent jurisdiction." Id. The court concluded:
[Mr. Berger] was challenging the terms of a chapter 13 plan in the only court with jurisdiction over that issue. Thus, although the bankruptcy affected legal rights established in a divorce proceeding, the issues in the bankruptcy proceeding were unique to that forum and were not comparable to issues that can be resolved in a state court enforcement action under chapter 61.
Id.
We agree with the Second District Court in Fortner that our Berger decision is clearly distinguishable from the facts of the present case. We therefore hold that the former wife is entitled to reasonable attorney's fees for action taken by her counsel in the bankruptcy proceedings.
Reversed.
TAYLOR and MAY, JJ., concur.