NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PATRICK DUNCAN GAMMAGE,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellant,　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　　Case No. 2D14-3898
　　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellee.　　　　　　　)
_____)

Opinion filed December 30, 2015.

Appeal from the Circuit Court for DeSoto
County; James S. Parker, Judge.

Howard L. Dimmig, II, Public Defender, and
Brooke Elvington, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, for Appellee.

MORRIS, Judge.

　　　　　Patrick Gammage appeals his convictions after a jury trial for three counts

of tampering with jurors and his three consecutive five-year sentences. We reverse his

convictions and sentences, and we remand for the trial court to enter judgments for the lesser-included offenses of attempted tampering with jurors and for resentencing.

## I. FACTS

The State charged Gammage with three counts of tampering with jurors in violation of section 918.12, Florida Statutes (2013). The offenses occurred on October 23, 2013. The State presented evidence that on that date, Gammage was the defendant in a criminal case involving a confidential informant (C.I.). On the morning of his trial in that case, a police lieutenant uninvolved in the case parked his truck in the parking lot of the courthouse. He observed Gammage exit his vehicle with a stack of papers in his hand. Gammage walked over to a man and a woman and gave each of them half of the stack of papers. Gammage then entered the courthouse. The lieutenant watched the woman hand one of the papers to another man about to enter the courthouse. The lieutenant approached that man inside the courthouse, and the man told the lieutenant his name and handed the lieutenant the piece of paper. The paper was introduced into evidence and contained an article printed from the internet. The article was titled "Convicted felon: Lying confidential informant sent me to prison." The article described a C.I. who had been used in the past by the DeSoto County Sheriff's Office in drug task force cases. The C.I. admitted in the article that she had lied and planted evidence in order to help law enforcement make arrests. The C.I. mentioned in the article played no role in Gammage's case, and the article made no reference to Gammage's case.

Upon viewing the paper, the lieutenant informed the bailiffs and the trial court what he had witnessed. He later interviewed two other people who had each

been handed the same article. A search warrant was obtained for Gammage's car, in which additional copies of the article were found. Gammage's trial was cancelled that day.

The State also presented the testimony of Gammage's ex-girlfriend. She had ridden with Gammage to the courthouse for his trial, and he handed her some fliers, telling her to hand them out to everybody entering the building. Gammage told the ex-girlfriend that the purpose of the fliers was to sway the jury. She handed copies to three people. The ex-girlfriend testified that Gammage also gave some fliers to a man to hand out in the parking lot.

Three potential jurors all testified that they were reporting for jury duty on the morning in question. Each had been approached by a woman and asked if they were reporting for jury duty, and when they answered yes, the woman handed each of them a copy of the article. All three potential jurors ended up turning the papers over to the lieutenant. Each potential juror looked at the article; one "could see that it was something that wasn't good," the second noticed that it mentioned charges being trumped up and untrue, and the third read the headline about a felon sending someone to prison.

Based on this evidence, the jury found Gammage guilty of tampering with jurors. The trial court sentenced Gammage to three consecutive five-year sentences, the maximum sentence permitted by law. See § 918.12 (providing that the offense of tampering with jurors is a third-degree felony); § 775.082(3)(d), Fla. Stat. (2013) (providing that a third-degree felony is punishable by five years in prison).

## II. ANALYSIS

On appeal, Gammage contends that the trial court erred in instructing the jury that it could find Gammage guilty of the charged offenses of tampering with jurors if it found that he attempted to influence the judgment of the jurors. He argues that the charged offense, a third-degree felony, does not encompass an attempt to influence a juror and that such an attempt would be a lesser-included offense by operation of the attempt statute, section 777.04, Florida Statutes (2013). He claims that he is entitled to a new trial or a reduction of his convictions to first-degree misdemeanors.

"Where the Legislature intended for the endeavor or attempt to commit a crime to be included as a violation of the substantive offense, it has so stated." Carruthers v. State, 636 So. 2d 853, 855 (Fla. 1st DCA 1994) (citing statutes proscribing witness tampering, theft, and escape). "In such cases, a conviction for the principal substantive offense may be obtained based on a finding that the defendant attempted to commit the crime." Id. (citing Keel v. State, 438 So. 2d 850 (Fla. 1st DCA 1983)). But where the statute "does not include language which would [indicate] that the Legislature intended for the attempt to commit th[e] crime to be included as a violation of the substantive offense," the attempt does not constitute the substantive offense and the attempt statute thus applies. Id. (holding that the language of the statute prohibiting sale of a counterfeit controlled substance did not include attempt); see § 777.04(1) ("A person who attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof, commits the offense of criminal attempt . . . ."); Piantadosi v. State, 399 So. 2d 382, 383 n.1 (Fla. 3d DCA 1981)

("Generally, where an attempt is proscribed only by the attempt statute, [s]ection 777.04, Florida Statutes, it is a crime of a lesser degree than the completed crime.").

The statute at issue in this case, section 918.12, provides that

> [a]ny person who influences the judgment or decision of any grand or petit juror on any matter, question, cause, or proceeding which may be pending, or which may by law be brought, before him or her as such juror, with intent to obstruct the administration of justice, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

The State did not proceed on the theory that Gammage "influence[d] the judgment or decision" of any juror. Instead, the State proceeded only on the theory of attempt, and the jury was instructed that the offense of tampering with jurors is committed when a person "unlawfully attempts to influence the judgment or decision" of a juror. But the word *attempt* is not included in section 918.12. Rather, the statute speaks in terms of a person "influenc[ing]" a juror. To *influence* means "to affect or alter the conduct, thought, or character of by indirect or intangible means" or "to have an effect on the condition or development of." Webster's Third New International Dictionary at 1160 (1986 ed.); see Sch. Bd. of Palm Beach Cty. v. Survivors Charter Schools, Inc., 3 So. 3d 1220, 1233 (Fla. 2009) (holding that when a word is not defined in a statute, it is appropriate to refer to a dictionary definition to ascertain its plain meaning). The word *influence* denotes an effect and therefore does not include an attempt or endeavor. Because the plain language of the statute does not by its express terms include attempt, an attempt to commit the substantive crime prohibited in section 918.12 invokes the application of the attempt statute, section 777.04, resulting in an offense of a lesser degree.

By comparison, the witness tampering statute, section 914.22, expressly states that a person violates the statute if he or she attempts to tamper with or harass a witness, victim, or informant:

> (1) A person who knowingly uses intimidation or physical force, or threatens another person, or <u>attempts</u> to do so, or engages in misleading conduct toward another person, or offers pecuniary benefit or gain to another person, with intent to cause or induce any person to [take certain actions] commits the crime of tampering with a witness, victim, or informant.

§ 914.22, Fla. Stat. (2013) (emphasis added). In analyzing an earlier but similar version of the witness tampering statute, the Fourth District held in <u>Hestor v. State</u>, 363 So. 2d 26, 27 (Fla. 4th DCA 1978), that "there is no separate crime of attempted tampering with a witness" because the "express terms" of the substantive crime "itself include an attempt."

We note that there is no standard jury instruction for the offense of tampering with jurors, but the written jury instruction in our record cites to <u>Nobles v. State</u>, 769 So. 2d 1063 (Fla. 1st DCA 2000), as authority for the instruction given in this case. The State relies on <u>Nobles</u> in arguing that section 918.12 prohibits an attempt to influence a juror. In <u>Nobles</u>, the First District held "that section 918.12 prohibits an attempt to influence a member of the jury venire as well as a member of the jury panel ultimately selected to try the case." 769 So. 2d at 1064. The appellant in that case had approached a prospective juror prior to jury selection and asked her to vote to find him not guilty. In moving for a judgment of acquittal, the appellant argued that "he could not be convicted of threatening a juror[] because [the prospective juror] never served as a juror in his case." <u>Id.</u> at 1065. The court stated that "[t]he controlling issue on appeal

- 6 -

[was] whether the legislature used the term 'juror' in section 918.12 . . . to refer only to a person who has been chosen to decide a case[] or whether it employed the term in a broader sense as a reference to a person who has received a jury summons and therefore might be selected to decide a case." Id. In analyzing the issue, the court made the following statements:

> Section 918.12, Florida Statutes[,] expressly prohibits an attempt to threaten or influence any person who has been summoned for jury duty and might be called upon to serve on a jury. . . . By its terms, the statute proscribes not only an attempt to threaten or influence a person serving as a juror in a pending case, but also in any matter "which may by law be brought, before [that person] as a juror." Because a case might be brought before any person who receives a summons to report for jury duty during the period of time in which the case is scheduled for trial, we conclude that the term "juror" necessarily refers to prospective jurors as well as active jurors.

Id. (second alteration in original).

In deciding the issue before it, the Nobles court stated several times that section 918.12 prohibits any attempt to threaten or influence a prospective juror. But the defendant in Nobles did not make the argument that his offense constituted only attempted tampering rather than the substantive crime prohibited in section 918.12, and the Nobles opinion does not analyze the language of the statute in the context of the law applicable to attempt. Rather, the court analyzed the protection afforded to prospective jurors and the policy behind such protection. Id. at 1065-66 (discussing Baumgartner v. Joughin, 141 So. 185 (Fla. 1932), in which the supreme court held that a person could be held in contempt for attempting to influence a prospective juror). But these considerations do not warrant treating an attempt as the substantive crime under section 918.12 when (1) specific language prohibiting an attempt is absent from the

statute and (2) when an attempt is criminalized under section 777.04 as a first-degree misdemeanor offense. Based on the statutory analysis above and the lack of statutory analysis in Nobles, we decline to apply Nobles to the issue in this case. We certify conflict with Nobles to the extent that it conflicts with our decision in this case.

Even though the error discussed above was not raised by Gammage below, it amounts to fundamental error. The jury was erroneously instructed on an element of the charged offense of tampering with jurors, and the convictions for the charged offenses of tampering could not have been obtained without the assistance of the erroneous jury instruction. See Daniels v. State, 121 So. 3d 409, 418 (Fla. 2013) (holding that it is fundamental error to erroneously instruct a jury on a pertinent and material element that is in dispute); Williams v. State, 145 So. 3d 997, 1002 (Fla. 1st DCA 2014) (same). However, the evidence, instructions, and verdicts support convictions for the lesser-included offenses of attempted jury tampering. Accordingly, we reverse Gammage's convictions and sentences for tampering with jurors and remand for the entry of judgments for the lesser-included offenses of attempted tampering with jurors and for resentencing.

Reversed and remanded; conflict certified.


KHOUZAM and BADALAMENTI, JJ., Concur.